UNITED STATES, Appellee

v.

Michael S. TUNSTALL, Airman
U.S. Air Force, Appellant

No. 12-0516

Crim. App. No. 37592

United States Court of Appeals for the Armed Forces

Argued December 3, 2012

Decided May 23, 2013

ERDMANN, J., delivered the opinion of the court, in which RYAN, J., and EFFRON, S.J., joined. STUCKY, J., filed a separate opinion concurring in part and in the result. BAKER, C.J., filed a separate dissenting opinion.

Counsel

For Appellant: Major Scott Medlyn (argued); Major Daniel E. Schoeni.

For Appellee: Captain Brian C. Mason (argued); Colonel Don M. Christensen, Lieutenant Colonel C. Taylor Smith, and Gerald R. Bruce, Esq. (on brief).

Military Judge: Michael J. O'Sullivan

**This opinion is subject to revision before final publication.**

Judge ERDMANN delivered the opinion of the court.

Airman First Class (A1C) Michael Tunstall was charged with two specifications of aggravated sexual assault and one specification each of adultery and false official statement, in violation of Articles 120, 134, and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 934, 907 (2006). He pled not guilty to all charges and at a general court-martial with members was convicted of one specification of aggravated sexual assault and the adultery specification. He was found not guilty of the false official statement specification and the remaining specification of aggravated sexual assault, but as to the latter, was found guilty of the lesser included offense of indecent acts. He was sentenced to a bad-conduct discharge, confinement for six months, a reprimand, and reduction to E-1. The convening authority approved the adjudged sentence. The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and the sentence. United States v. Tunstall, No. ACM 37592, slip op. at 12 (A.F. Ct. Crim. App. Mar. 28, 2012).

"[A] military judge can only instruct on a lesser included offense where the greater offense requires members to find a disputed factual element which is not required for conviction of the lesser violation." United States v. Miergrimado, 66 M.J. 34, 36 (C.A.A.F. 2008). In addition, "[t]he due process principle of fair notice mandates that 'an accused has a right

to know what offense and under what legal theory' he will be convicted." United States v. Jones, 68 M.J. 465, 468 (C.A.A.F. 2010) (citing United States v. Medina, 66 M.J. 21, 26-27 (C.A.A.F. 2008)). "[T]he Due Process Clause of the Fifth Amendment also does not permit convicting an accused of an offense with which he has not been charged." United States v. Girouard, 70 M.J. 5, 10 (C.A.A.F. 2011).

We granted review to determine whether the offense of indecent acts was a lesser included offense of aggravated sexual assault. We conclude that, as charged in this case, indecent acts (committing a sexual act in an open and notorious manner) is not a lesser included offense of aggravated sexual assault (engaging in a sexual act with an incapacitated person). It was therefore error for the military judge to instruct on indecent acts.

We also granted an issue as to whether the adultery specification charged under Article 134 failed to state an offense because it did not expressly allege the terminal element.[1] We conclude that the record of trial demonstrates that

---

[1] We granted review of two issues:

>  I. Whether Appellant's conviction for indecent acts must be set aside because the military judge erred in instructing the jury that indecent acts is a lesser included offense of aggravated sexual assault.

Tunstall was on actual notice of the terminal element and therefore that he was not prejudiced by its omission.  See United States v. Humphries, 71 M.J. 209 (C.A.A.F. 2012).

## Background

In April of 2009, Tunstall and Airman KAS, who were assigned to Hurlburt Field, Florida, were with a group of airmen who spent the day drinking at the beach and in an Air Force dormitory.  The two were flirting throughout the afternoon and later were involved in a drinking game with two other airmen in the dorm.  The airmen became drunk and during the drinking game KAS removed her clothes and straddled Tunstall, who began to digitally penetrate her vagina in the presence of the two other airmen.  The Government considered this episode of sexual activity to be consensual.  Shortly thereafter, however, KAS fell to the floor and began to vomit.  At this point KAS was described as conscious but not vocal or making any actions. Tunstall and another airman helped KAS to a sink where she continued to have the dry heaves.  While KAS was leaning over the sink Tunstall digitally penetrated her vagina until the other airman said, "[i]t's not time for that.  I mean she's

---

II. Whether the finding of guilty for adultery must be dismissed in accordance with Rule for Courts-Martial 907(b)(1) because it fails to state an offense.

United States v. Tunstall, 71 M.J. 379 (C.A.A.F. 2012) (order granting review).

sick. We need to take care of her." Tunstall and another airman then helped KAS to the bathroom. During this period KAS was described as definitely intoxicated and rolling in and out of consciousness. Tunstall then locked himself in the bathroom with KAS and had sexual intercourse with her in the shower.[2]

Specification 2 of Charge I charged Tunstall with aggravated sexual assault under Article 120 for the digital penetration of KAS's vagina while she was leaning over the sink and while she was substantially incapable of declining participation. During his instructions on findings, the military judge sua sponte instructed the members that the offense of indecent acts was a lesser included offense of the charged offense of aggravated sexual assault. Tunstall was acquitted of aggravated sexual assault under Specification 2 of Charge I, but was found guilty of the lesser included offense of indecent acts.

Tunstall did not object to the instruction at trial, but on appeal to the CCA he argued that the military judge erred in giving a lesser included offense instruction for the offense of indecent acts. Tunstall, No. ACM 37592, slip op. at 7-11. The CCA held that the offense of indecent acts was a lesser included

---

[2] Specification 1 of Charge I charged Tunstall with aggravated sexual assault under Article 120 by having intercourse with KAS in the bathroom while she was substantially incapable of declining participation.

offense of aggravated sexual assault.  Id. at 11.  Although the lower court did not conduct an element-by-element comparison of the charges, it concluded that "one cannot engage in a 'sexual act' with someone who was vomiting in a sink in the presence of a third party without also engaging in an indecent act."  Id. at 10.

Issue I

Lesser Included Offense

Whether an offense is a lesser included offense is a question of law that is reviewed de novo.  United States v. Girouard, 70 M.J. 5, 9 (C.A.A.F. 2011).  While the granted issue frames our analysis in terms of a lesser included offense, we believe that this case raises important instructional and notice issues as well.

Because there was no objection to the instruction at trial, we review for plain error.  United States v. Wilkins, 71 M.J. 410, 412 (C.A.A.F. 2012) (citing United States v. Arriaga, 70 M.J. 51, 54 (C.A.A.F. 2011)).  Under a plain error analysis, the accused "has the burden of demonstrating that:  (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused."  Girouard, 70 M.J. at 11.

This court applies the elements test to determine whether one offense is a lesser included offense of another. United States v. Jones, 68 M.J. 465, 468 (C.A.A.F. 2010).

> Under the elements test, one compares the elements of each offense. If all of the elements of offense X are also elements of offense Y, then X is an LIO of Y. Offense Y is called the greater offense because it contains all of the elements of offense X along with one or more additional elements.

Id. at 470.

The elements of aggravated sexual assault under Article 120, as charged in this case, are: (1) that the accused engaged in a sexual act with another person; and (2) the other person was substantially incapable of declining participation in the sexual act. Manual for Courts-Martial, United States pt. IV, para. 45.b.(3)(c) (2008 ed.) (MCM). Specification 2 of Charge I alleged that Tunstall:

> did . . . engage in a sexual act, to wit: digital penetration by [Tunstall] of the vagina, with [A1C KAS], who was substantially incapable of declining participation in the sexual act.

During his instructions on findings the military judge instructed the members on the offense of indecent acts as a lesser included offense of aggravated sexual assault:

> Indecent act under Article 120. You are advised a lesser included offense of the offense alleged in Specification 2 of Charge I is the offense of indecent acts, also a violation of Article 120. In order to find the accused guilty of this lesser included offense, you must be convinced by legal and competent evidence beyond reasonable doubt:

> One, that on or about 17 April 2009, at or near Hurlburt Field, Florida, the accused engaged in certain wrongful conduct, to wit: digital penetration of the vagina of Airman [KAS]; and
>
> Two, that the conduct was indecent.

After providing the members with definitions of relevant terms, the military judge went on to instruct the members:

> Article 120, UCMJ, is not intended to regulate the wholly private consensual activities of individuals. In the absence of aggravating circumstances, private consensual sexual activity[,] including sexual intercourse[,] is not punishable as an indecent act. Among possible aggravating circumstances is that the sexual activity was open and notorious. Sexual activity may be open and notorious when the participants know that someone else is present. This presence of someone else may include a person who is present and witnesses the sexual activity, or is present and aware of the sexual activity through senses other than vision. On the other hand, sexual activity that is not performed in the close proximity of someone else, and which passes unnoticed, may not be considered open and notorious. Sexual activity may also be considered open and notorious when the act occurs under circumstances in which there is a substantial risk that the acts could be witnessed by someone else, despite the fact that no such discovery occurred.
>
> This lesser included offense differs primarily from the charged offense in Specification 2 of Charge I in that this offense does not require as an essential element that the accused digitally penetrated Airman First Class [KAS] when she was substantially incapable of declining participation in the sexual act. This lesser included offense, however, does require you to determine whether the act itself was indecent.
>
> The elements of the lesser included offense of "indecent

acts" are: (1) the accused engaged in certain conduct; and (2)

8

the conduct was indecent. MCM pt. IV, para. 45.b.(11) (2008 ed.).

The Government notes that the offense of indecent acts occurs when any person engages in "indecent conduct," which is defined as "that form of immorality relating to sexual impurity that is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations." Article 120(t)(12), UCMJ. The Government goes on to argue that the aggravated sexual assault specification at issue could, without alteration, constitute a legally sufficient indecent acts specification. The crux of the Government's argument is that the act alleged in Specification 2 of Charge I constituted indecent conduct under the above definition because KAS was "substantially incapable of declining the participation in the sexual act."

Rather than reflecting a greater/lesser relationship, however, the Government's theory results in alternative offenses which criminalize the same conduct. It has long been recognized that a jury must be able to rationally acquit on the greater offense but still convict on the lesser offense. Sansone v. United States, 380 U.S. 343, 350 (1965) ("[T]he lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater

9

offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.").[3]

As charged in this case and under the Government's lesser included theory, there is no additional fact that the members would need to find in order to convict for the offense of aggravated sexual assault which would be unnecessary to convict for the offense of indecent acts. Neither requires a factual finding which the other does not. The first element of both offenses is established by the same set of facts: the "sexual act" (aggravated sexual assault) and "certain conduct" (indecent acts) refer to the digital penetration of KAS's vagina. The second element of each offense is also established by the same alleged fact: KAS was substantially incapable of declining participation (aggravated sexual assault); and the conduct was

---

[3] See also Schmuck v. United States, 489 U.S. 705, 716 n.8 (1989) ("Our decision in no way alters the independent prerequisite for a lesser included offense instruction that the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater.") (citing Keeble v. United States, 412 U.S. 205, 208 (1973)); United States v. Miergrimado, 66 M.J. 34, 36 (C.A.A.F. 2008); United States v. McCullough, 348 F.3d 620, 626 (7th Cir. 2003) ("[A] greater offense will always have at least one additional element not found in the lesser-included offense. Otherwise, the two crimes would be the same."); United States v. Griffin, 50 M.J. 480, 482 (C.A.A.F. 1999); United States v. Flores, 968 F.2d 1366, 1369 (1st Cir. 1992) ("To pass the [elements test], all the elements of the lesser included offense must be elements of the charged offense -- but the charged offense must include at least one additional element."); United States v. Jackson, 12 M.J. 163, 167 (C.A.A.F. 1981).

indecent because KAS was substantially incapable of declining participation (indecent acts). The MCM in effect at the time recognized that treating indecent acts as a lesser included offense of aggravated sexual assault is appropriate "[d]epending on the factual circumstances in each case," MCM pt. IV, para. 45.e. (2008 ed.). Under the facts of this case, where there is no additional fact that the members would need to find in order to establish the offense of aggravated sexual assault which would be unnecessary to establish the offense of indecent acts, the two offenses do not stand in a relationship of greater/lesser offense, because a rational trier of fact could not acquit on the greater offense and convict on the lesser offense.[4] It was therefore plain and obvious error for the military judge to sua sponte give the lesser included offense instruction.

The military judge compounded the error with his further instructions on indecent acts. The military judge instructed the members that engaging in a sexual act in the presence of others is considered "open and notorious" behavior which could constitute an indecent act. "Open and notorious" is not a basis

---

[4] Although there are some kinds of indecent conduct, discussed infra, under which a rational trier of fact could have acquitted of aggravated sexual assault but convicted of indecent acts, those theories would be per se outside the scope of the conduct for which Tunstall was charged, because Tunstall was charged with aggravated sexual assault, not indecent acts.

or theory for the offense of aggravated sexual assault, and that instruction was the first mention in the trial of the "open and notorious" theory. The military judge went on to instruct the members that the greater offense of indecent acts differed from the offense of aggravated sexual assault as it did not require them to find that KAS was substantially incapable of declining participation, but only that the act itself was indecent.

In providing these instructions, the military judge essentially took the "substantially incapable of declining participation" theory for the offense of indecent acts off the table and instead provided the members with detailed instructions as to the "open and notorious" theory for the offense. This error resulted in material prejudice to Tunstall. We agree with the CCA that under the circumstances of this case, the members convicted Tunstall of indecent acts under an "open and notorious" theory. Tunstall, No. ACM 37592, slip op. at 10 ("Under the facts of this case, we conclude that one cannot engage in a 'sexual act' with someone who was vomiting in a sink in the presence of a third party without also engaging in an indecent act." (emphasis added)). However, the due process principle of fair notice mandates that "an accused has a right to know what offense and under what legal theory" he will be convicted. Jones, 68 M.J. at 468 (quoting Medina, 66 M.J. at 26-27) (emphasis added). As Tunstall was neither charged with

12

nor on notice of the offense of indecent acts under the "open and notorious" theory until the military judge's instruction, he was not on fair notice to defend against that offense and his due process rights were violated.[5]

Because the military judge instructed on an offense which was not a "lesser included" offense and because the military judge instructed on a theory of indecency of which Tunstall was not on notice, the findings with regard to Specification 2 of Charge I are set aside and the case is remanded to the CCA to reassess the sentence or return the case to the convening authority for a rehearing on sentence.[6]

---

[5] The Government's argument that the "open and notorious" theory of an indecent act offense does not constitute an element of the offense is not on point. We need not address the issue as to whether the "open and notorious" theory of the offense is or is not an element, as the military judge instructed on that theory and Tunstall had no notice of that theory prior to the military judge's instructions. See Jones, 68 M.J. at 468.

[6] The dissent implies that Tunstall was on notice of the purported lesser included offense because he was on notice that his conduct violated the law. United States v. Tunstall, __ M.J. __ (1-2) (C.A.A.F. 2013) (Baker, C.J., dissenting) (opining that because this court has found "open and notorious" sexual conduct to warrant an indecent acts instruction, Tunstall was on notice of that basis under which his conduct might be found indecent); id. at __ (6) ("If one is charged with an aggravated sexual assault, which occurs in front of others, one is necessarily on notice that the lesser included offense of indecent acts can be demonstrated by open and notorious conduct."). Although we agree that the "requirement of notice to an accused may be met if the charge sheet 'makes the accused aware of any alternative theory of guilt,'" United States v. Miller, 67 M.J. 385, 389 n.6 (C.A.A.F. 2009) (quoting United States v. Medina, 66 M.J. 21, 27 (C.A.A.F. 2008)), the charge sheet in this case does not in any way allege a theory of guilt

13

Issue II

The Fosler/Humphries Issue

Tunstall argues that the Article 134 adultery specification in Charge II failed to state an offense because it did not expressly allege the terminal element.  In the context of an adultery specification, the government may prove the terminal element in one of two ways -- either that, under the circumstances, the adulterous conduct was to the prejudice of good order and discipline or that it was of a nature to bring discredit upon the armed forces.  MCM pt. IV, para. 62.c.(2).  As Tunstall failed to object to the adultery specification at trial, we review for plain error.  To establish plain error, an appellant has the burden to demonstrate:  (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused.[7]  Humphries, 71

---

based on the presence of others.  Therefore, an instruction allowing Tunstall to be convicted on that basis deprives him of his due process rights.

[7] The Government urges us to apply the four-prong plain error test from United States v. Olano, 507 U.S. 725 (1993).  Olano, however, interprets Federal Rule of Criminal Procedure 52(b) -- a rule which does not govern the scope of this court's appellate review.  507 U.S. at 731.  Plain error review in this court is governed by Article 59(a), UCMJ, 10 U.S.C. § 859(a).  The key difference between these two sources of law is that Fed. R. Crim. P. 52(b) is an enabling rule conferring discretion upon the reviewing court ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." (emphasis added)), whereas Article 59(a) is a restricting rule ("A finding or sentence of a court-martial

14

M.J. at 214.  We have held that failure to allege the terminal element constitutes plain and obvious error and resolution of the case will depend upon whether "the error has prejudiced the substantial rights of the accused."  United States v. Ballan, 71 M.J. 28, 30 (C.A.A.F. 2012).

In Humphries, we stated that "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'"  71 M.J. at 215-16.  In making this inquiry, courts are limited to considering evidence contained in the trial record.  Id.

While the terminal element of Article 134 was not discussed during voir dire, the opening statements, or the Government's case-in-chief, it was raised by the defense during trial.  At the start of the defense case, the senior defense counsel sought

---

may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." (emphasis added)).  See also Unites States v. Powell, 49 M.J. 460, 464 (C.A.A.F. 1998) ("[T]he Olano definition has limited applicability . . . because . . . [among other factors] it interprets the federal rules, which are somewhat different from the military rules.").

We have consistently rejected application of the fourth prong of Olano when addressing questions under Article 59(a), UCMJ, and do not intend to revisit that practice here.  Instead, we adhere to our own longstanding precedent on Article 59(a) questions.  See, e.g., Humphries, 71 M.J. at 214; United States v. Girouard, 70 M.J. 5, 11 (C.A.A.F. 2011); United States v. Maynard, 66 M.J. 242, 244 (C.A.A.F. 2008);  United States v. Hardison, 64 M.J. 279, 281 (C.A.A.F. 2007).

the admission of a petition for simplified dissolution of marriage. The dissolution of marriage is relevant to marital status, which is one factor to be considered as to whether the terminal element is met. MCM pt. IV, para. 62.c.(2)(a). When the senior trial counsel objected to its admission, the senior defense counsel explained that the document was relevant to the third element of the offense of adultery -- that "under the circumstances that conduct, the adultery, was prejudicial to good order and discipline, or service discrediting." The military judge admitted the document.

Before closing arguments, the military judge provided the parties with copies of his instructions. The instructions listed the third element of the adultery offense as "that under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces." He then defined the terms "conduct prejudicial to good order and discipline" and "service discrediting conduct," and explained how the evidence needed to establish one but not both of those terms. The military judge asked if there were any objections. Other than to the definition of "substantially incapable," the defense counsel stated, "No, sir."

In closing argument on the adultery specification, the defense counsel focused on the third element. He asked the

members to read the military judge's instructions explaining conduct prejudicial to good order and discipline and conduct of a nature to bring discredit upon the armed forces. He asserted that, because the Government had not called any witnesses to prove the third element, it failed to prove that Tunstall was guilty of adultery. Here, where evidence in the trial record indicates that the defense introduced evidence for the specific purpose of negating both theories of the terminal element of Article 134, UCMJ, and further argued that the Government had not proven either terminal element during its closing argument, we conclude that Appellant has not met his burden to demonstrate material prejudice to a substantial right, as he did defend himself, despite the Government's error.[8]

## Decision

The decision of the United States Air Force Court of Criminal Appeals is reversed as to Charge I, Specification 2, the finding as to that specification is set aside, and that specification is dismissed. The remaining findings are

---

[8] Although in Humphries we rejected the theory that notice could be shown either by a defendant's "assertion during closing arguments that the Government had failed to present evidence [on the terminal element]" or by the military judge's panel instructions coming "after the close of evidence," 71 M.J. at 216-17, we view these factors as relevant in this case due to their combination with the admission of the simplified petition for dissolution of marriage.

affirmed.  The decision as to the sentence is set aside and the record is returned to the Judge Advocate General of the Air Force for remand to that court for further proceedings consistent with this opinion.

United States v. Tunstall, No. 12-0516/AF

STUCKY, Judge (concurring in part and in the result):

I concur in the majority's judgment setting aside Appellant's conviction for indecent acts.  The specification did not place Appellant on notice that he would have to defend against committing a sexual act in an open and notorious manner, and there was no mention of this theory of the case until the findings instructions and arguments.  See United States v. Wilkins, 71 M.J. 410, 414 n.4 (C.A.A.F. 2012); United States v. Rauscher, 71 M.J. 225, 226 (C.A.A.F. 2012) (per curiam).  I also concur in the majority's judgment that Appellant was not prejudiced by the failure of the adultery specification to state a terminal element.  I disagree, however, with the majority's prejudice analysis.

As Appellant failed to object to the defective adultery specification at trial, we review for plain error.  United States v. Humphries, 71 M.J. 209, 213 (C.A.A.F. 2012).  To establish plain error, an appellant has the burden to demonstrate, inter alia, that any error materially prejudiced his substantial rights.  United States v. Tunstall, __ M.J. __, __ (14) (C.A.A.F. 2013); Wilkins, 71 M.J. at 413; Article 59(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 859(a) (2006).

Appellant alleges prejudice only in that neither the specification nor the trial proceedings gave him sufficient

notice of the missing element against which he had to defend. "But that is simply an ipse dixit recasting the conceded error -- [failure of the specification to give notice] -- as the [material prejudice to] substantial rights." Puckett v. United States, 556 U.S. 129, 142 (2009). Appellant did not allege that his counsel was unaware of the missing element, what he would have been done differently at trial had the specification contained the missing element, or how the failure of the specification to state the missing element affected the outcome of his trial. Under these circumstances, Appellant failed to bear his burden of demonstrating prejudice.

I have set out the reasons for my differing with the majority's prejudice analysis in my dissent in Humphries. 71 M.J. at 219 (Stucky, J., dissenting). There is no need to repeat them here. Because I would adhere to the Supreme Court's four-prong plain error test as set out in United States v. Olano, 507 U.S. 725, 734 (1993), and because I believe that the majority's approach conflates the error with the prejudice, I respectfully concur in the result.

United States v. Tunstall, No. 12-0516/AF

  BAKER, Chief Judge (dissenting):

  The first question presented is whether indecent acts is a lesser included offense of aggravated assault. It is, under any lesser included offense doctrine adopted by this Court during the last sixty years. An accused would be on fair notice that the offense of indecent acts is a lesser included offense of the offense of aggravated sexual assault.

  The next question presented is whether indecent acts is a lesser included offense, as charged in this case. Appellant was charged with aggravated sexual assault, to wit, the digital penetration of the vagina of a person who was substantially incapable of declining participation in the sexual act. This charge and specification were based on Appellant's conduct while the victim was bent over vomiting into a bathroom sink while another servicemember sought to help her. In addition to instructing on this offense, the military judge instructed on the lesser included offense of indecent acts. The offense of indecent acts requires proof of two elements: (1) that the accused engaged in certain conduct and (2) that the conduct was indecent. Manual for Courts-Martial, United States pt. IV, para. 45.b.(11) (2008 ed.) (MCM). Indecent, in conduct cases, is defined as "that form of immorality relating to sexual impurity that is not only grossly vulgar, obscene, and repugnant to common propriety, but also tends to excite lust and deprave

the morals with respect to sexual relations." MCM pt. IV, para. 45.c.(3).

Digitally penetrating a woman's vagina is certain conduct. Doing so while she is bent over a sink vomiting and intoxicated is some evidence that the conduct was grossly vulgar (1) in the absence of consent, or (2) when done with consent when third parties are present. This Court has found that the "open and notorious" nature of sexual conduct, including between consenting adults with third parties present, can be considered a factual circumstance warranting an instruction on the offense of indecent acts. United States v. Izquierdo, 51 M.J. 421, 422-23 (C.A.A.F. 1999) (citations and internal quotation marks omitted). Thus, Appellant was on notice of at least two bases upon which his conduct might be found indecent, distinct from the possibility that KAS was substantially incapable of declining participation in the act.[1]

Attention to the military judge's instructions is central to these conclusions. The military judge instructed the members on the elements of aggravated sexual assault as follows:

---

[1] Having adopted a strict elements approach to lesser included offenses, the majority determines that aggravated sexual assault and indecent acts have the same elements, but that indecent acts is not a lesser included offense in this case because the factual theory of open and notorious conduct in the case was not charged. United States v. Tunstall, __ M.J. __ (6-7, 11-13) (C.A.A.F. 2013).

> In order to find the accused guilty of [aggravated assault], you must be convinced by legal and competent evidence beyond a reasonable doubt:
>
>> One, that . . . the accused engaged in a sexual act, to wit:  digital penetration of the vagina, with [the victim]; and
>>
>> Two, that the accused did so when [the victim] was substantially incapable of declining participation in the sexual act.

The military judge defined "[s]exual act" as "penetration, however slight . . . of the genital opening of another by a hand or finger or by any object, with an intent to abuse. . . or degrade any person or to arouse or gratify the sexual desire of any person."  The military judge also defined the term consent and advised the members that it was a defense to the offense of aggravated sexual assault.

After instructing on several other relevant terms, the military judge advised the members that indecent acts was a lesser included offense to the aggravated sexual assault offense at issue here.  He instructed them that the elements of this offense were:

> One, that . . . the accused engaged in certain <u>wrongful</u> conduct, to wit:  digital penetration of the vagina of [the victim]; and
>
> Two, that the conduct was indecent.

Emphasis added.  The military judge defined "[i]ndecent conduct" as "that form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and

3

tends to excite sexual desire or deprave morals with respect to sexual relations."  The military judge also instructed the members on the term "[w]rongful," stating that it means, "without legal justification or lawful excuse."  Finally, the military judge advised the members, "This lesser included offense differs primarily from the charged offense [aggravated sexual assault] in that this offense does not require as an essential element that the accused digitally penetrated [the victim] when she was substantially incapable of declining participation in the sexual act."

The military judge's instruction recognized the relationship between the term "[w]rongful," as it related to his instruction on indecent acts, and the concept of consent as that term related to the offense of aggravated sexual assault.  Thus, the instruction contemplated a situation where the members might not have found beyond a reasonable doubt that the victim was substantially incapable of declining participation, and were then left to decide whether or not the victim consented.  In other words, notwithstanding insufficient proof on the second element of aggravated sexual assault, the members could have found that although the victim might have been capable of declining participation, she nonetheless did not consent.  Under the military judge's instruction to the members on the first element of indecent acts, the accused's conduct would still be

4

wrongful because obviously he would have had no justification or excuse for acting as he did.  Digitally penetrating someone who is intoxicated and does not consent is grossly vulgar conduct.

Conversely, if the members found that the victim consented, then they would be required to acquit on the greater offense, but still be required to consider the lesser included offense given the presence of the third party.  The military judge appropriately discerned the need to address this contingency of proof by instructing with respect to the lesser offense that, "In the absence of aggravating circumstances, <u>private consensual</u> sexual activity . . . is not punishable as an indecent act. Among <u>possible</u> aggravating circumstances is that the sexual activity was open and notorious."  Emphasis added.  This was simply a recognition that under certain circumstances even consensual activity could be punishable.  Furthermore, it addressed the <u>factual</u> circumstance that had arisen in the case about what had occurred in the bathroom and who was present. Moreover, if the members had found that the alleged victim consented, Appellant still would have had no legal justification or excuse for committing the alleged sexual act in the bathroom with a third party present and his act would have thus been wrongful.

In its consideration of the concept of open and notorious conduct, the majority appears to make the same mistake as the

5

Government in its brief, concluding that the only way Appellant could have committed the offense of indecent acts was through open and notorious conduct and since the charge did not specify such conduct he was not on notice of the lesser included offense. First, the term "open and notorious" is not an element of the offense. Second, open and notorious conduct is not a separate theory of prosecution like those contained in the three clauses of Article 134, UCMJ, 10 U.S.C. § 934 (2006). "Open and notorious" conduct is one way in which someone can commit an indecent act. If one is charged with an aggravated sexual assault, which occurs in front of others, one is necessarily on notice that the lesser included offense of indecent acts can be demonstrated by open and notorious conduct. The government is not required to charge every possible factual pattern under which the offense might be proved.

Moreover, with regard to the digital penetration in the bathroom, there is no evidence that the intoxicated victim vomiting into the sink consented. Thus, it is not clear how the majority now concludes the Appellant was convicted on the basis of his open and notorious conduct. There was more than one way in which Appellant could have committed the lesser offense of indecent acts. Clearly, Appellant was on notice that his actions presented some evidence of grossly vulgar conduct and was clearly repugnant to common propriety.

The military judge's instruction on what constituted a sexual act under aggravated sexual assault also included the intent to abuse or degrade any person or to arouse or gratify sexual desires. His instruction on indecent conduct described conduct which was "grossly vulgar, obscene, and repugnant" and tended to "excite sexual desire." It is difficult to conclude, in my view, how this latter description is not also included within the former "intent to abuse . . . or degrade any person or to arouse or gratify the sexual desire of any person." Likewise, it is difficult to conclude how the evidence emerging from the record of what occurred in the bathroom does not fit these legal definitions as well.

Thus, given the relationship between the definitions given the members on wrongfulness and consent and the relationship between the definitions of a sexual act and indecent conduct in this case, I conclude quite easily that indecent acts as instructed upon in this case was included within the first element of the greater charged offense of aggravated sexual assault.

Finally, I respectfully disagree with the majority's conclusion that "[A] greater offense will always have at least one additional element not found in the lesser-included offense. Otherwise, the two crimes would be the same." Tunstall, __ M.J. at __ (10 n.3) (brackets and emphasis in original) (citation and

7

internal quotation marks omitted).  Although this is indeed one way in which a greater and lesser included offense situation might arise, it is not the only way.  For example, reliance on this proposition ignores the rather classic greater and lesser offense relationship between larceny and wrongful appropriation. Under the MCM, each of these offenses has four elements.  MCM pt. IV, para. 46.b.(1)-(2).  The last element in larceny requires the intent to permanently deprive while the last element of wrongful appropriation requires only the intent to temporarily deprive.  Id.  Obviously, rather than containing an additional element, the greater offense merely contains an element that requires a different degree of deprivation.

In sum, because the offense of indecent acts is a lesser included offense of aggravated sexual assault in general and as charged in this case, and because it was properly instructed upon, I respectfully dissent.