# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and HAGLER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist RICARDO A. MORALES**
**United States Army, Appellant**

ARMY 20160070

Headquarters, 21st Theater Sustainment Command
David H. Robertson, Military Judge
Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant:  Major Katherine L. DePaul, JA; Mr. Zachary Spilman, Esquire (on brief and reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

31 October 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ].[1]  The panel sentenced appellant to a dishonorable discharge and confinement for eight years.  The convening authority only approved seven years confinement and the remainder of the adjudged sentence.[2]

_____

[1] The panel acquitted appellant of all other charged offenses.  The charges included three specifications of rape, one specification of sexual assault, two specifications of forcible sodomy, and two specifications of assault consummated by battery in violation of Articles 120, 125, and 128, UCMJ.

[2] In response to a legal error raised in appellant's Rule for Courts-Martial 1105 clemency submissions alleging improper sentencing argument by the trial counsel,

(continued . . .)

We review this case pursuant to Article 66, UCMJ. Appellant raised nine assignments of error, one of which warrants relief and renders the remaining errors moot. Specifically, we reviewed whether the military judge's erroneous propensity instructions provided to the panel under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413 were harmless beyond a reasonable doubt. In its reply brief, the government states, "Given the . . . extensive and prejudicial use of the constitutionally impermissible Mil. R. Evid. 413 evidence at trial, and in light of recent [Court of Appeals for the Armed Forces] opinions, the government concedes that appellant's conviction should be set aside." After due consideration, we agree with both parties and provide relief in our decretal paragraph.

## BACKGROUND

Appellant was charged with sexual offenses against three female Soldiers. Before the panel deliberated on findings, the military judge instructed the members they could consider evidence of the charged sexual assault offenses "for their bearing on any matter to which it is relevant in relation to other sexual assault charges[,]" and they may also consider such evidence "for its tendency, if any, to show [appellant's] propensity or predisposition to engage in other sexual assaults."[3] The military judge did not, however, provide a spillover instruction to the panel.[4] In its findings argument, the government revisited a theme introduced during its opening statement, encouraging the members to consider the similarities between the sexual assaults and the alleged victims by asserting, "[a] cord of three strands is not easily broken."

## LAW AND DISCUSSION

In general, "[t]he question of whether the members were properly instructed is a question of law and thus review is de novo." *United States v. Payne*, 73 M.J. 19, 22 (C.A.A.F. 2014) (citing *United States v. Maynulet*, 68 M.J. 374, 376 (C.A.A.F. 2010)). This question is evaluated "'in the context of the overall message conveyed'

---

(. . . continued)
the staff judge advocate recommended and the convening authority approved seven years confinement. Additionally, prior to action, the convening authority deferred automatic forfeitures of all pay and allowances and reduction in grade, effective 29 January 2016 until 23 June 2016, and waived automatic forfeitures of all pay and allowances effective 23 June 2016 for a period of six months with direction that the funds be paid to appellant's spouse.

[3] *See* Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 7-13-1, note 4.2 (10 Sept. 2014).

[4] *See* Benchbook, para. 7-17. Appellant raises the military judge's failure to give the members a spillover instruction as a separate assignment of error.

to the members." *United States v. Hills*, 75 M.J. 350, 357 (C.A.A.F. 2016) (quoting *United States v. Prather*, 69 M.J. 338, 344 (C.A.A.F. 2011)). However, "[w]here there is no objection to an instruction at trial, we review for plain error." *Payne*, 73 M.J. at 22-23 (citing *United States v. Tunstall*, 72 M.J. 191, 193 (C.A.A.F. 2013), and Rule for Courts-Martial [hereinafter R.C.M.] 920(f)).

"Under a plain error analysis, [appellant] 'has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the [appellant].'" *Tunstall*, 72 M.J. at 193-94 (quoting *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011)). "'If instructional error is found [when] there are constitutional dimensions at play, [appellant's] claims must be tested for prejudice under the standard of harmless beyond a reasonable doubt.'" *Hills*, 75 M.J. at 357 (quoting *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005)).

Regarding the use of evidence under Mil. R. Evid. 413 and its corresponding propensity instruction, our superior court provided the following guidance:

> We therefore clarify that under *Hills*, the use of evidence of charged conduct as [Mil. R. Evid.] 413 propensity evidence for other charged conduct in the same case is error, regardless of the forum, the number of victims, or whether the events are connected. Whether considered by members or a military judge, evidence of a charged and contested offense, of which an accused is presumed innocent, cannot be used as propensity evidence in support of a companion charged offense.

*United States v. Hukill*, 76 M.J. 219, 222 (C.A.A.F. 2017).

Here, the prejudicial effect of the propensity instruction was exacerbated by the failure to provide the spillover instruction. The purpose of the spillover instruction is to make clear that "[t]he burden is on the prosecution to prove each and every element of each offense beyond a reasonable doubt," and that "[p]roof of one offense carries with it no inference that the accused is guilty of any other offense." Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 7-17 (10 Sept. 2014). Even with the spillover instruction, the propensity instruction has the potential to confuse panel members into applying an impermissibly low standard of proof. *Hills*, 75 M.J. at 357. Without the spillover instruction, the potential confusion caused by the propensity instruction is substantially increased.

Given the message conveyed by the propensity instruction, the lack of a spillover instruction, the central appeal to propensity in the government's closing argument, and that the panel found appellant not guilty of all but one offense, we are

not convinced beyond a reasonable doubt the erroneous instructions did not prejudice appellant. Accordingly, the findings and sentence cannot stand.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or different convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court