*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

## UNITED STATES
Appellee

**v.**

## Katelyn L. DAY, Airman First Class
United States Air Force, Appellant

**No. 22-0122**
Crim. App. No. 39962

Argued October 25, 2022—Decided December 13, 2022

Military Judges: Bryan D. Watson (arraignment),
Jefferson B. Brown (trial), and
Andrew R. Norton (post-sentencing)

For Appellant: *Major Matthew L. Blyth* (argued);
*Mark C. Bruegger*, Esq.

For Appellee: *Major Morgan R. Christie* (argued);
*Colonel Naomi P. Dennis, Lieutenant Colonel
Thomas J. Alford, and Mary Ellen Payne*, Esq. (on
brief); *Major Cortland Bobczynski* and *Major Allison
R. Gish.*

Judge MAGGS delivered the opinion of the Court, in
which Chief Judge OHLSON, Judge SPARKS,
Judge HARDY, and Senior Judge EFFRON joined.

———————

Judge MAGGS delivered the opinion of the Court.

The sole assigned issue in this appeal is "[w]hether attempted conspiracy . . . is a viable offense under the UCMJ." Consistent with our holding in *United States v. Riddle*, 44 M.J. 282, 285 (C.A.A.F. 1996), we answer this question in the affirmative. We therefore affirm the judgment of the United States Air Force Court of Criminal Appeals (AFCCA). *United States v. Day*, No. ACM 39962, 2022 CCA LEXIS 5, at *23-24, 2022 WL 43063, at *7 (A.F. Ct. Crim. App. Jan. 5, 2022) (unpublished).

## I. Background

A military judge sitting as a general court-martial found Appellant guilty, consistent with her pleas, of multiple offenses related to her unsuccessful efforts to kill her husband, TD.[1] At issue in this appeal are two specifications of attempted conspiracy to commit premeditated murder. These specifications are hereinafter referred to as the "JM Specification" and the "TL Specification."

The JM Specification alleged that Appellant, in violation of Article 80, UCMJ:

> did, within the state of Louisiana, between on or about 1 December 2019 and on or about 18 December 2019, attempt to conspire with [JM] to commit an offense under the Uniform Code of Military Justice, to wit: premeditated murder of [TD], and in order to effect the object of the conspiracy the said [Appellant] did purchase, from [JM], a substance to be used to kill [TD].

---

[1] The military judge found Appellant guilty of one specification of attempted premeditated murder, two specifications of attempted conspiracy to commit premeditated murder, one specification of attempted wrongful possession of fentanyl, and two specifications of solicitation to commit murder, in violation of Articles 80 and 82, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 882 (2018). The military judge sentenced Appellant to a dishonorable discharge, confinement for ten years, and reduction to the grade of E-1. The convening authority took no action on the findings or the sentence.

Appellant recounted the facts pertinent to this specification in a stipulation of fact and during the providence inquiry by the military judge. In short, Appellant informed JM that she wanted to kill her husband to obtain the benefits of a life insurance policy. Appellant and JM agreed to meet in a Walmart parking lot so that JM could supply Appellant with a substance for poisoning her husband. When they met, Appellant paid JM $100, and JM provided Appellant with a clear plastic bag containing a white substance that JM said was fentanyl. Appellant did not know that JM was working as an informant for Air Force investigators and that the substance JM provided was not actually fentanyl.

The TL Specification alleged that Appellant, also in violation of Article 80, UCMJ:

> did, within the state of Louisiana, between on or about 1 November 2019 and on or about 18 December 2019, attempt to conspire with [TL] to commit an offense under the Uniform Code of Military Justice, to wit: premeditated murder of [TD], and in order to effect the object of the conspiracy the said [Appellant] did agree to pay some amount of money to [TL] for lessons on how to fatally poison a human with drugs and did purchase a substance she believed to be Fentanyl which she intended [to] use to murder [TD].

Appellant also summarized the facts pertinent to this specification in a stipulation of fact and during a providence inquiry. Stated briefly, Appellant asked TL to teach her how to poison her husband. TL offered to give her lessons for the price of $100 per month. Appellant and TL "discussed payment methods and when they would schedule video chats and phone calls to carry out the plan." Ultimately, however, TL never gave Appellant lessons and Appellant never paid TL. The military judge found Appellant guilty of the offense alleged in this specification, except for the words "and did purchase a substance she believed to be Fentanyl which she intended [to] use to murder [TD]." Of these words, the military judge found Appellant not guilty.

In a pretrial agreement, Appellant agreed to "waive all motions that are waivable under current legal precedent and public policy." In reviewing this provision, the military judge informed Appellant:

> The plea agreement . . . states that you waive or give up all waivable motions. I do advise you that certain motions are waived and are given up and actually set forth in some specificity in [the agreement] as well. Some of these could be motions to dismiss for lack of jurisdiction or failure to state an offense, those could not be waived.

The military judge then asked defense counsel: "[W]hat specific motions did you consider raising or do you consider waived by this provision?" Defense counsel responded: "It would be the motion for the unanimous verdict, which we believe is moot based on the plea agreement and her election for a military judge." The military judge then asked defense counsel: "Is there anything, at least at this stage in the litigation, other than maybe the unanimous verdict if [Appellant] had [gone] with members, that you believe that you are going to waive and that you would otherwise raise in this case but for this plea agreement?" Defense counsel answered in the negative.

The military judge later asked circuit trial counsel: "[A]re there any additional motions that you believe may be potentially raised by this case that you believe this [waiver] provision applies to?" Circuit trial counsel answered: "Your Honor, the only one . . . is a potential Article 10 motion due to the pretrial confinement of [Appellant]." The military judge next asked defense counsel about this potential motion, and defense counsel responded: "At this point, it was not something that we were going to file a motion for." Neither defense counsel nor circuit trial counsel mentioned a motion to dismiss for failure to state an offense.

After reviewing the rest of the plea agreement, the military judge asked: "Do counsel for both sides agree with the court's interpretation of the plea agreement?" Circuit trial

counsel and defense counsel both answered in the affirmative. Appellant did not move to dismiss the attempted conspiracy charges for failure to state an offense. Appellant later pleaded guilty, unconditionally, to each of the specifications at issue. Before entering findings, the military judge asked: "Trial Counsel, I am about to enter findings in this case. Is there anything else you want me to take up?" Circuit trial counsel responded: "No, Your Honor."

On appeal to the AFCCA, Appellant argued that her pleas of guilty to the two specifications of attempted conspiracy were improvident because the specifications failed to state an offense. *Day*, 2022 CCA LEXIS 5, at *2, 2022 WL 43063, at *1. The AFCCA considered Appellant's argument on the merits, relying on its discretionary authority under Article 66, UCMJ, 10 U.S.C. § 866 (2018), to correct waived legal issues. 2022 CCA LEXIS 5, at *22, 2022 WL 43063, at *7 (citing *United States v. Hardy*, 77 M.J. 438, 442-43 (C.A.A.F. 2018)). Following this Court's decision in *Riddle*, the AFCCA concluded that the specifications of attempted conspiracy stated an offense under the UCMJ. *Id.* at *21, *23, 2022 WL 43063, at *7. We granted review of this issue.

## II. Waiver

### A. Standard of Review and Applicable Law

This Court cannot review waived issues. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009). Whether an appellant has waived an objection is a legal question that this Court reviews de novo. *United States v. Gudmundson*, 57 M.J. 493, 495 (C.A.A.F. 2002). Waiver can occur either by a party's intentional relinquishment or abandonment of a known right *or* by operation of law. *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018). A waiver by operation of law happens when a procedural rule or precedent provides that an objection is automatically waived upon the occurrence of a certain event and that event has occurred. *See, e.g.*, *United States v. Swift*, 76 M.J. 210, 217-18 (C.A.A.F. 2017) (holding that a motion to suppress a confession should have been made before arraignment under

Rule for Courts-Martial (R.C.M.) 905(b)(3) and that the failure to raise the issue permanently waived it under the language of the first two sentences of R.C.M. 905(e)).

## B. Discussion

The Government contends that we cannot review Appellant's argument that "attempted conspiracy" is not an offense under the UCMJ because Appellant waived this issue, both by agreeing to waive all waivable motions and by making an unconditional guilty plea. Appellant responds that her objection to the specifications was not waived because the military judge told her that failure to state an offense is not a waivable issue. This Court agrees with Appellant's argument and holds that her present argument was not waived.

We agree with the Government that an accused may *intentionally relinquish* a waivable objection in a plea agreement by including a clause waiving all waivable motions. *See, e.g., United States v. Danylo*, 73 M.J. 183, 188 (C.A.A.F. 2014) (holding that such a clause in a pretrial agreement waived a claim for sentencing credit). We also agree with the Government that a *waiver by operation of law* may result from an unconditional guilty plea. We have held that "[a]n unconditional guilty plea generally 'waives all defects which are neither jurisdictional nor a deprivation of due process of law.'" *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009) (quoting *United States v. Rehorn*, 9 C.M.A. 487, 488-89, 26 C.M.R. 267, 268-69 (1958)). But in this case, we think the military judge's advice to Appellant prevented the possibility of waiver.[2]

---

[2] We do not address the question of whether failure to state an offense is a waivable objection. This Court previously stated failure to state an offense was not waived by a guilty plea. *Schweitzer*, 68 M.J. at 136. The President later amended R.C.M. 907(b)(2)(E) to include failure to state an offense in a list of waivable objections. We see no need to address the question because of our conclusion that the objection was not waived in this case. *See United States v. Sanchez*, 81 M.J. 501, 503-04 (A. Ct. Crim. App. 2021) (addressing this issue).

The closest precedent on the waiver issue is *United States v. Stewart*, 20 C.M.A. 272, 43 C.M.R. 112 (1971). In *Stewart*, this Court held that the Appellant's guilty plea did not waive appellate review of his argument that he was not guilty of disobedience to orders because the Secretary of the Army improperly denied his request to be recognized as a conscientious objector. *Id.* at 274, 43 C.M.R. at 114. Although this Court recognized that a guilty plea ordinarily would waive such a claim, the Court declined to hold that the guilty plea waived the issue because "some of the law officer's comments supported an erroneous impression . . . that . . . a guilty plea in this instance would not waive his claim that the discharge application had been arbitrarily and unreasonably denied." *Id.*, 43 C.M.R. at 114. The same principle applies in the present case. Because the military judge unambiguously advised Appellant that a motion to dismiss for failure to state an offense is not waivable, we conclude that neither Appellant's guilty plea nor the plea agreement prevents Appellant from raising the issue in this appeal.

The present case is distinguishable from *United States v. Bradley*, 68 M.J. 279 (C.A.A.F. 2010), a decision in which this Court declined to follow *Stewart*. In *Bradley*, this Court held that an accused may plead guilty *and still preserve a waivable issue* only by entering a conditional guilty plea in accordance with R.C.M. 910(a)(2). *Id.* at 282. But *Bradley* differs from both *Stewart* and this case because the military judge in *Bradley* did not provide the accused with clearly contrary advice. *See id.* (disagreeing with the lower court's determination that the military judge's " 'ambiguous advisement' " precluded waiver); *see also United States v. Dusenberry*, 23 C.M.A. 287, 291, 49 C.M.R. 536, 540 (1975) (distinguishing *Stewart* on the grounds that there was "nothing in the comments of either the appellant's counsel or the military judge that indicates an erroneous belief that [the matters at issue] would be preserved" following a guilty plea).

The Government asserts that we should reject Appellant's position on waiver because Appellant cannot show

that the military judge's advice induced her guilty plea. In assessing this argument, we recognize that in *Stewart*, comments by defense counsel showed that the appellant was "obvious[ly]" relying on the law officer's advice. 20 C.M.A. at 274, 43 C.M.R. at 114. In the present case, the facts are somewhat different, but we do not think this difference changes the result. As recounted above, the military judge sua sponte advised Appellant that a motion to dismiss for failing to state a claim was not waivable. Trial counsel did not object to this advice. The military judge then asked each party to identify the motions that they thought were waived, and neither cited a motion to dismiss for failing to state a claim in their answers. The military judge followed up by asking counsel if they agreed with his interpretation of the plea agreement, and they both said that they did. And when the military judge finally asked trial counsel if there was anything else to take up, trial counsel answered in the negative. We think this is enough to make this case more like *Stewart* than *Bradley*. In such circumstances, we can reach no other conclusion than that Appellant accepted the military judge's advice that the clause waiving all waivable motions would not waive a motion to dismiss for failing to state an offense, and that both Appellant and the Government proceeded on that basis.

Finally, the Government contends that the military judge's advice should not affect the meaning of the clause waiving all waivable motions because Appellant had already signed the plea agreement. We find this argument unpersuasive. R.C.M. 910(f)(4)(A) requires the military judge to determine whether the accused understands and agrees with the plea agreement before the plea and plea agreement are accepted. If there is any disagreement about the meaning or effect of the plea agreement, then R.C.M. 910(f)(4)(B)(ii) allows the accused to withdraw. The Government's view would undermine these procedures and the rights they afford. If the Government's position were correct, the military judge's inquiry into the plea agreement, and the parties' representations to the military judge about their understanding of the agreement, would

have no consequence. Accordingly, we reject the Government's argument.

### III. Attempted Conspiracy Under the UCMJ

A. Standard of Review and Applicable Law

Although Appellant did not *waive* her argument that the JM Specification and the TL Specification do not state offenses under the UCMJ, she nonetheless *forfeited* this argument by failing to raise it before the military judge. *United States v. Tunstall*, 72 M.J. 191, 196 (C.A.A.F. 2013). Because Appellant forfeited the argument, we can review it only for plain error. *Id.* "To establish plain error, an appellant has the burden to demonstrate: (1) there was error; (2) the error was [clear] or obvious; and (3) the error materially prejudiced a substantial right of the accused." *Id.* In this case, we conclude that there was no error, and therefore no plain error.

Article 80(b), UCMJ, establishes the offense of "Attempts" by providing: "Any person subject to this chapter who attempts to commit any offense punishable by this chapter shall be punished as a court-martial may direct, unless otherwise specifically prescribed." Article 80(a), UCMJ, defines "attempt" by providing: "(a) An act, done with specific intent to commit an offense under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit that offense." Article 81(a), UCMJ, 10 U.S.C. 881(a) (2018) establishes the offense of conspiracy, by providing: "Any person subject to this chapter who conspires with any other person to commit an offense under this chapter shall, if one or more of the conspirators does an act to effect the object of the conspiracy, be punished as a court-martial may direct."

This Court previously held in *Riddle* that attempted conspiracy is an offense under the UCMJ. 44 M.J. at 285. In *Riddle*, the accused was charged with conspiring to steal military pay. *Id.* at 283. The government's theory was that the appellant and a woman falsely altered a marriage certificate to make it appear that they were married and thus

due entitlements received by married servicemembers. *Id.* But at trial, the appellant produced evidence that he and the woman were married according to an applicable state law which recognized common law marriage. *Id.* The military judge found the appellant not guilty of conspiracy but found him guilty of attempted conspiracy. *Id.* at 284.

In *Riddle*, this Court acknowledged that other federal jurisdictions do not recognize the offense of attempted conspiracy. *Id.* But the Court held that attempted conspiracy was an offense under the UCMJ, stating three grounds for this conclusion. *Id.* at 285. First, the Court observed that "the language of [Article 80, UCMJ] is broad and makes no distinction between a conspiracy or other inchoate offense and any other type of military offense as the lawful subject of an attempt offense." *Id.* Second, the Court stated that "no other statute or case law from this Court precludes application of Article 80 to a conspiracy offense as prohibited in Article 81, UCMJ." *Id.* Third, the Court explained that "an attempt under Article 80 is particularly appropriate where there is no general solicitation statute in the jurisdiction or a conspiracy statute embodying the unilateral theory of conspiracy." *Id.*

### B. Discussion

Despite this Court's holding in *Riddle* that attempted conspiracy is an offense under the UCMJ, Appellant argues that this Court should not follow the *Riddle* precedent for four reasons. First, Appellant observes that Congress amended Article 82, UCMJ, in 2016.[3] This amendment created a general solicitation statute from a specific solicitation statute which previously only prohibited solicitation to commit desertion, misbehavior before the enemy, and sedition. *Compare* Article 82, UCMJ, 10 U.S.C. § 882 (2012), *with* Article 82(a), UCMJ, 10 U.S.C. § 882(a) (2018). Appellant asserts that a general solicitation statute undercuts the third rationale of *Riddle*: attempted conspiracy was

---

[3] *See* National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5403, 130 Stat. 2000, 2939-40 (2016).

"particularly appropriate" in a jurisdiction that does not have a general solicitation statute. 44 M.J. at 285. This argument is not persuasive. Although Congress changed the wording of Article 82, UCMJ, Congress did not change the wording of Articles 80 and 81, UCMJ. In our view, what this Court said about the text of those articles in *Riddle* still is true. The language of Article 80, UCMJ, "makes no distinction between a conspiracy . . . and any other type of military offense" and no "statute or case law from this Court precludes application of Article 80 to a conspiracy offense as prohibited in Article 81, UCMJ." 44 M.J. at 285. Although in *Riddle* this Court saw the offense of attempted conspiracy as being "particularly appropriate" given the lack of a general solicitation offense, *id.*, this statement was an observation about military justice policy. Even if the policy argument for making attempted conspiracy a criminal offense is not as strong as it once was, revising Article 80, UCMJ, is a matter for Congress—not this Court—to consider.

Second, Appellant argues that this Court should not follow *Riddle* because federal civilian practice does not recognize the offense of attempted conspiracy. We also find this argument unpersuasive. This Court already recognized in *Riddle* that "most [federal] courts have rejected attempted conspiracy as a crime" and that some sources had described an attempted conspiracy as "a creature unknown to federal criminal law." 44 M.J. at 284 (citations omitted) (internal quotation marks omitted). But, as the Court emphasized *in Riddle*, federal law contains no equivalent provision to Article 80, UCMJ. *Id.* at 285. The same is true today.

Third, Appellant argues that the offense of attempted conspiracy is unnecessary because in most cases, a person charged with attempted conspiracy could alternatively be charged with solicitation. While this argument may be true, it is also unpersuasive for the same reason mentioned before: the decision whether to eliminate an offense is a question for congressional, not judicial, decision.

Fourth, Appellant argues that in many instances, attempted conspiracy is a "nonsensical" offense. This contention is at best an overgeneralization. We would characterize neither the attempted conspiracy specification in *Riddle* nor the two attempted conspiracy specifications in this case as being nonsense. We see no significant dispute about the elements of these attempted conspiracy specifications. Nor do we see confusion about the distinction between these offenses and actual conspiracies. In *Riddle*, the evidence that appellant and another were married may have prevented them from being guilty of an actual conspiracy under the language of Article 81, UCMJ, but not an attempted conspiracy under the language of Article 80, UCMJ. 44 M.J. at 285. In this case, the evidence that JM was working for the Government as an informer prevented Appellant from being guilty of an actual conspiracy, but not an attempted conspiracy. Likewise, although the evidence that Appellant and TL failed to find a mutually convenient time to meet may have prevented them from being guilty of an actual conspiracy, it did not prevent Appellant from being guilty of an attempted conspiracy.

## IV. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is affirmed.