Friday, January 6, 2017

No. 17–0162/NA. U.S. v. Keith Barry. CCA 201500064. Appellant's motion to copy sealed documents for newly-retained civilian counsel granted.

Monday, January 9, 2017

No. 16–0475/AF. U.S. v. Nathan G. Wilson–Crow. CCA 38706. On consideration of the petition for grant of review of the decision of the United States Air Force Court of Criminal Appeals and the pleadings, it is ordered that said petition is hereby granted on the following issues:

I. WHETHER THE MILITARY JUDGE COMMITTED LEGAL ERROR WHEN HE FOUND THAT SPECIFICATION 2 OF CHARGE I—AP-PELLANT'S CHILD SEXUAL ABUSE OF A.L. IN VIOLATION OF ARTICLE 120b—CONSTITUTED CHILD MOLESTATION UNDER MIL. R. EVID. 414(d)(2)(a) BECAUSE HE FOUND THAT "CONDUCT PROHIBITED BY ARTICLE 120" INCLUDES ARTICLE 120b OF-FENSES.

II. WHETHER THE MILITARY JUDGE ERRED IN INSTRUCTING THE PANEL THAT, PURSUANT TO MRE 413, IT COULD USE OFFENSES IN ADDITIONAL CHARGE I, TO WHICH APPELLANT PLEADED NOT GUILTY, AS PROPENSITY EVIDENCE IN SUPPORT OF THE REMAINING SPECIFICATIONS OF THAT CHARGE WHICH HE ALSO CONTESTED.

III. WHETHER THE MILITARY JUDGE ERRED WHEN HE INSTRUCT-ED THE MEMBERS, "IF, BASED ON YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE FIRMLY CONVINCED THAT THE AC-CUSED IS GUILTY OF ANY OFFENSE CHARGED, YOU MUST FIND

HIM GUILTY OF THAT OFFENSE," WHERE SUCH AN INSTRUCTION IS IN VIOLATION OF *UNITED STATES v. MARTIN LINEN SUPPLY CO.*, 430 U.S. 564, 572–73 (1977) AND THERE IS INCONSISTENT APPLICATION BETWEEN THE SERVICES OF THE INSTRUCTIONS RELATING TO WHEN MEMBERS MUST OR SHOULD CONVICT AN ACCUSED.

Briefs will be filed under Rule 25 on Issues I and II only.

No. 17–0042/AR. U.S. v. Ali A. Alirad, Jr. CCA 20150404. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

WHETHER JUDGE PAULETTE V. BURTON AND JUDGE LARSS G. CELTNIEKS, JUDGES ON THE COURT OF MILITARY COMMISSION REVIEW, WERE STATUTORILY AUTHORIZED TO SIT ON THE ARMY COURT OF CRIMINAL APPEALS, AND EVEN IF THEY WERE STATUTORILY AUTHORIZED TO BE ASSIGNED TO THE ARMY COURT OF CRIMINAL APPEALS, WHETHER THEIR SERVICE ON BOTH COURTS VIOLATED THE APPOINTMENTS CLAUSE GIVEN THEIR NEWLY ATTAINED STATUS AS A SUPERIOR OFFICER.

No briefs will be filed under Rule 25.

No. 17–0081/AR. U.S. v. Eric A. LeRoy. CCA 20160294. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I. WHETHER ACCEPTANCE OF APPOINTMENT AS A CMCR JUDGE TERMINATED THE MILITARY COMMISSION OF JUDGE HERRING.

II. WHETHER, AS AN APPOINTED JUDGE OF THE CMCR, JUDGE HERRING DID NOT MEET THE UCMJ DEFINITION OF APPELLATE MILITARY JUDGE.

III. WHETHER THE ASSIGNMENT OF INFERIOR OFFICERS AND PRINCIPAL OFFICERS TO A SINGLE JUDICIAL TRIBUNAL ITSELF VIOLATED THE APPOINTMENTS CLAUSE.

No briefs will be filed under Rule 25.

No. 17–0090/AR. U.S. v. Ronnie T. Williams. CCA 20150302. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I. WHETHER ACCEPTANCE OF APPOINTMENT AS A CMCR JUDGE TERMINATED THE MILITARY COMMISSION OF JUDGE HERRING.

II. WHETHER, AS APPOINTED JUDGE OF THE CMCR, JUDGE HERRING DID NOT MEET THE UCMJ DEFINITION OF APPELLATE MILITARY JUDGE.