*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**UNITED STATES**
Appellee

**v.**

**Trentlee D. MCCLOUR, Senior Airman**
United States Air Force, Appellant

**No. 16-0455**
Crim. App. No. 38704

Argued November 2, 2016—Decided January 24, 2017

Military Judge: Ira Perkins

For Appellant: *Captain Annie W. Morgan* (argued).

For Appellee: *Major Mary Ellen Payne* (argued); *Colonel Katherine E. Oler* and *Gerald R. Bruce,* Esq. (on brief).

Judge STUCKY delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges RYAN, OHLSON, and SPARKS, joined.

———————

Judge STUCKY delivered the opinion of the Court.[1]

While more cases in recent years are tried to military judges sitting alone, the statutory presumption for an accused under the Uniform Code of Military Justice (UCMJ) is still a trial involving members. Article 16, UCMJ, 10 U.S.C. § 816 (2012); Rule for Courts-Martial (R.C.M.) 501(a); R.C.M. 903. Military judges are barred from contravening the right to a trial by members by directing members to return a verdict of guilty. *Sullivan v. Louisiana*, 508 U.S. 275, 277 (1993). In this vein, we are faced with the issue of whether it is plain error for a military judge to instruct panel members that "if, based on your consideration of the evidence, you're firmly convinced that the accused is guilty of

---

[1] We heard oral argument in this case at Peterson Air Force Base, Colorado Springs, Colorado, as part of the Court's "Project Outreach." *See United States v. Mahoney,* 58 M.J. 346, 347 n.1 (C.A.A.F. 2003). This practice was developed as part of a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

the offense charged, you *must* find him guilty." (Emphasis added.) We hold that it is not.

## I. Background

The issue before us is the result of a sexual encounter between Appellant and a fellow airman that was alleged to be nonconsensual. Appellant was tried by a general court-martial including members who, prior to deliberation, were instructed by the military judge as follows with respect to the Government's burden of proof:

> A "reasonable doubt" is a conscientious doubt based upon reason and common sense, and arising from the state of the evidence. Some of you may have served as jurors in civil cases, or as members on administrative boards, where you were told that it's only necessary to prove that a fact is more likely true than not. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the accused's guilt. There are very few things in the world that we know with absolute certainty, and in criminal cases, the law does not require proof that overcomes every possible doubt.… [I]f, based on your consideration of the evidence, you're firmly convinced that the accused is guilty of the offense charged, you must find him guilty. If, on the other hand, you think there is a real possibility the accused is not guilty, you must give him the benefit of the doubt and find him not guilty.

These instructions were in accordance with the sample burden of proof instructions provided in the Air Force Benchbook. Dep't of the Air Force, Air Force Benchbook, ch. 2, § V, para. 2-5-12 (2016), *available at* https://www.jagcnet.army.mil/Portals/USArmyTJ.nsf/(JAGCNetDocID)/Electronic+Benchbook?OpenDocument (last visited Jan. 17, 2017). Defense counsel voiced no objection to them.

Contrary to his pleas, Appellant was convicted of abusive sexual conduct under Article 120(d), UCMJ, 10 U.S.C. § 920(d) (2012). He was sentenced to a bad-conduct discharge, confinement for 180 days, forfeiture of all pay and allowances, and reduction to E-1. The findings and sentence were approved by the convening authority.

On appeal to the United States Air Force Court of Criminal Appeals, Appellant raised the issue that is now before us, and the lower court rejected it. *United States v. McClour*, No. ACM 38704, 2016 CCA LEXIS 82, at *15–18, 2016 WL 791285, at *6 (A.F. Ct. Crim. App. Feb. 11, 2016) (unpublished).

## II. Discussion

Appellant contends that "[b]y telling the panel that it 'must' convict if the evidence left them firmly convinced of guilt, the military judge effectively 'directed the jury to come forward with…a verdict [of conviction],'" Brief in Support of Petition Granted at 7, *United States v. McClour*, No. 16-0455 (C.A.A.F. Aug. 3, 2016) (alterations in original) (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572-73 (1977)), and thereby violated the edict that a judge "'may not direct a verdict for the [government], no matter how overwhelming the evidence.'" *Id. (*quoting *Sullivan*, 508 U.S. at 277); *see also Martin Linen Supply Co.*, 430 U.S. at 573 ("The trial judge is thereby barred from attempting to override or interfere with the jurors' independent judgment in a manner contrary to the interests of the accused.").

"'Whether a panel was properly instructed is a question of law reviewed de novo.'" *United States v. Medina*, 69 M.J. 462, 465 (C.A.A.F. 2011) (quoting *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008)). However, where, as here, "there was no objection to the instruction at trial, we review for plain error." *United States v. Tunstall*, 72 M.J. 191, 193 (C.A.A.F. 2013) (citing *United States v. Wilkins*, 71 M.J. 410, 412 (C.A.A.F. 2012)). "Under this Court's plain error jurisprudence, Appellant has the burden of establishing (1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights." *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014) (citing *United States v. Brooks*, 64 M.J. 325, 328 (C.A.A.F. 2007)). "[T]he failure to establish any one of the prongs is fatal to a plain error claim." *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006).

Given that directed verdicts for the government in criminal cases are very clearly barred, *Sullivan*, 508 U.S. at 277, and that, "in determining whether [an] error was clear or

obvious, we look to law at the time of the appeal," *Knapp*, 73 M.J. at 37, such a verdict would constitute clear and obvious error had it occurred.[2] However, Appellant is simply incorrect, both with regard to what a directed verdict is and with regard to what the Supreme Court has proscribed. A directed verdict is "[a] ruling by a trial judge taking a case from the jury because the evidence will permit only one reasonable verdict." *Black's Law Dictionary* 1791 (10th ed. 2014). "The harm of [a] directed verdict ... is that it deprive[s] the [panel] of the power to determine guilt," *State v. Ragland,* 519 A.2d, 1361, 1368 (N.J. 1986), and the accused of the statutory right to have his guilt determined by a panel of fellow servicemembers. Article 16, UCMJ, 10 U.S.C. § 816 (2012); R.C.M. 501(a); R.C.M. 903.

No such deprivation results from the use of the word "must" in the instructions before us, which plainly leaves the determination of guilt beyond a reasonable doubt based on the evidence in the hands of the members: "[I]f, *based on your consideration of the evidence*, you're firmly convinced that the accused is guilty of the offense charged, you must find him guilty." (Emphasis added.) And the military judge reiterated that the panel members were the ones to determine guilt or innocence by "weighing and evaluating the evidence" and "us[ing] [their] own common sense, [their] own knowledge of human nature and the ways of the world."

Although the Supreme Court has yet to consider whether the bar against directed verdicts prohibits a verdict rendered pursuant to an instruction that includes "must find" or similar language, *e.g.*, *Sullivan*, 508 U.S. at 277, numerous federal appellate and state supreme courts have concluded that it does not. *E.g.*, *United States v. Stegmeier*, 701 F.3d 574, 583 (8th Cir. 2012); *United States v. Mejia*, 597 F.3d 1339, 1340–41 (D.C. Cir. 2010); *Ragland*, 519 A.2d at 1367–68; *Watts v. United States*, 362 A.2d 706, 709–10 (D.C. 1976); *see also United States v. Bustillo*, 789 F.2d 1364, 1368 (9th Cir. 1986) (finding that an instruction that "the

---

[2] *Martin Linen Supply Co.* is not really a directed verdict case, but rather deals with the appealability of a judgment of acquittal in a case involving a deadlocked jury. 430 U.S. at 565–67.

jury must find [the accused] guilty" if guilt is proven beyond a reasonable doubt did not constitute plain error).

In addition, the Federal Judiciary Center's Pattern Criminal Jury Instructions, which we have cited approvingly, *United States v. Meeks*, 41 M.J. 150, 157 n.2 (C.M.A. 1994), read as follows with regard to a juror's responsibility to convict:

> If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you *must* find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Federal Judicial Center, Pattern Criminal Jury Instructions 28 (1987) (emphasis added). At least two U.S. Circuit Courts of Appeals have adopted this instruction. *See* Eighth Circuit Manual of Model Jury Instructions: Criminal 84 (2014); Tenth Circuit Pattern Jury Instructions: Criminal 9 (2011).

Quite plainly, this was not a directed verdict. When taken as a whole, the instructions clearly stated the proper burden of proof and left it to the members to determine whether the Government's evidence met that burden. Nothing more is required.

For the foregoing reasons, it cannot be said that any error (if error there were) on the military judge's part in using the word "must" in his burden of proof instruction is clear or obvious. Accordingly, Appellant fails to establish plain error.

### III. Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.