# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

**No. 201400229**

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## ALONZO BASS III
Aviation Boatswain's Mate (Equipment) Second Class (E-5),
U.S. Navy
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Robert J. Crow, JAGC, USN.
Convening Authority: Commander, Navy Region Southeast, Naval
Air Station, Jacksonville, FL.
Staff Judge Advocate's Recommendation: Commander Nell O. Evans,
JAGC, USN.
For Appellant: Lieutenant Ryan W. Aikin, JAGC, USN; Lieutenant
Christopher C. McMahon, JAGC, USN.
For Appellee: Lieutenant Commander Jeremy R. Brooks, JAGC,
USN; Major Cory A. Carver, USMC.

————————————

Decided 31 May 2017

————————————

Before CAMPBELL, FULTON, and HUTCHISON, *Appellate Military
Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited
as persuasive authority under NMCCA Rule of Practice and
Procedure 18.2.**

————————————

FULTON, Judge:

A panel of members with enlisted representation sitting as a general
court-martial convicted the appellant, contrary to his pleas, of one
specification of violating a lawful general regulation (sexual harassment), two

specifications of wrongful sexual contact, and two specifications of sodomy, in violation of Articles 92, 120, and 125, Uniform Code of Military Justice.[1] The members sentenced him to seven years' confinement, total forfeiture of pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged.

This case is before us for a third time. Earlier, we set aside the findings of guilty as to Charge III and its two specifications, in which the members found the appellant not guilty of forcible sodomy, but guilty of consensual sodomy.[2] The government moved for *en banc* reconsideration. We denied *en banc* reconsideration but granted panel reconsideration. We withdrew our original opinion and issued a new one in which we again set aside the findings of guilty as to Charge III and its two specifications.[3] We affirmed the findings as to the general regulation violation and two specifications of wrongful sexual contact and returned the case to the Judge Advocate General for a rehearing of the appellant's sentence. At the rehearing, a military judge, sitting as a general court-martial, sentenced the appellant to two years' confinement, reduction to pay grade E-1, and a bad-conduct discharge.

The case has now returned to us following that sentencing rehearing. The appellant filed an assignment of error, alleging that the military judge erred by allowing the government, pursuant to MILITARY RULE OF EVIDENCE (MIL. R. EVID.) 413, SUPPLEMENT TO MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), to use charged sexual misconduct as propensity evidence to prove other charged sexual conduct in the same trial and asserted that "*Hills* renders this court's previous decision on this issue invalid."[4] The appellant also filed a supplemental assignment of error, alleging that the military judge erred by instructing the members that if, based on their consideration of the evidence, they are firmly convinced that the appellant was guilty, they must find him guilty.

We first note that the Court of Appeals for the Armed Forces (CAAF) recently resolved the supplemental assignment of error against the appellant.[5] Therefore, the issue lacks merit.

We find merit, however, in the appellant's initial assignment of error alleging that the military judge erred by permitting the government to use

---

[1] 10 U.S.C. §§ 892, 920, and 925 (2012).

[2] *United States v. Bass*, 74 M.J. 722 (N-M. Ct. Crim. App. 2015).

[3] 74 M.J. 806 (N-M. Ct. Crim. App. 2015).

[4] Appellant's Brief and Assignment of Error of 11 Aug 2016.

[5] *See United States v. McClour*, 76 M.J. 23 (C.A.A.F. 2017).

evidence of charged sexual misconduct as propensity evidence to prove other charged sexual misconduct.

The appellant faced 14 sex crime specifications at trial in 2013-2014. In eight of them, the alleged victim was Petty Officer TM. In the six others, Petty Officer MH was the alleged victim. Before trial, the appellant moved to sever the offenses. He argued that the presence of two victims on the charge sheet would unfairly prejudice the members against him and that the military judge should not allow the members to consider evidence of charged offenses for their tendency to show propensity to commit such offenses. The military judge, consistent with the state of the law at that time, found that evidence of sexual assaults against each alleged victim would be admissible as propensity evidence in the specifications involving the other alleged victim and denied the motion.

In our last opinion in this case, we found that the military judge did not err by permitting the government to use evidence of charged sexual offenses as propensity evidence relevant to other charged sexual offenses in accordance with MIL. R. EVID 413.[6] But "on direct review, we apply the clear law at the time of appeal, not the time of trial,"[7] and while this case has remained on direct review, the state of the law changed. In *United States v. Hills*, the CAAF held that using evidence of charged sexual misconduct as propensity evidence relevant to other charged sexual misconduct is inconsistent with an accused's right to presumed innocence.[8]

Applying *Hills* to this case, even though it was not available to the military judge at the time of trial, it is clear that the military judge erred. Because the error affects the constitutional presumption of innocence, we cannot affirm the findings unless we are satisfied that the error was harmless beyond a reasonable doubt.[9] A constitutional error is harmless beyond a reasonable doubt if the error complained of did not contribute to the verdict.[10] In other words, "[t]he government must prove there was no reasonable possibility that the error contributed to [the] verdict."[11]

In opening statements, the trial counsel told the members how they could use the evidence: "You'll see that he has a propensity to commit sexual

---

[6] *Bass*, 74 M.J. at 817.

[7] *United States v. Mullins*, 69 M.J. 113, 116 (C.A.A.F. 2010) (citations omitted).

[8] 75 M.J. 350, 356-57 (C.A.A.F. 2016).

[9] *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005).

[10] *United States v. McDonald*, 57 M.J. 18, 20 (C.A.A.F. 2002).

[11] *United States v. Hukill*, No. 17-003, 2017 C.A.A.F. LEXIS 305 at \*9 (C.A.A.F. May 2, 2017) (citations omitted).

assault. He has a tendency to do this and to do it in a certain way. You'll see that this is the way he operates, this is what he does."[12] During rebuttal argument, trial counsel returned to the theme of propensity twice, reminding the members that "if [they] determine[d] that any of these sexual assaults happened by a preponderance of the evidence, which means just more likely than not, then [they could] use that information to determine that the [appellant] ha[d] a tendency, a propensity to commit sexual assault."[13]

Similarly, the military judge instructed the members that if they found by a preponderance of evidence that the appellant had committed any of the offenses involving Petty Officer TM, they could consider that evidence for its tendency to show that the appellant had a propensity to commit the offenses against Petty Officer MH. Likewise, he instructed the members that if they found by a preponderance of the evidence that the appellant committed any of the offenses against Petty Officer MH, they could consider that evidence for its tendency to show that the appellant had a propensity to commit the offenses against Petty Officer TM.

The members acquitted the appellant of the most serious sex offenses, including all those in which Petty Officer TM was the alleged victim and two specifications of aggravated sexual assault on Petty Officer MH. But they convicted the appellant of two wrongful sexual contact specifications for the same alleged conduct. Evidence against the appellant was not overwhelming. There was no confession, physical evidence, or eyewitnesses, other than the two alleged victims. The defense presented evidence that Petty Officer MH was untruthful. The appellant denied the offenses during his testimony.

Although the members were not convinced beyond a reasonable doubt that the accused committed sex offenses against Petty Officer TM, they may have considered evidence that the appellant sexually assaulted her for its tendency to show that the appellant had a propensity to commit sexual assault against Petty Officer MH. Based on the record, we are not convinced beyond a reasonable doubt that the instructional error did not prejudice the appellant.

The guilty findings to Specification 7 of Charge II and Specification 2 of the Additional Charge are set aside, leaving only the findings as to Charge I and its sole specification affirmed. The sentence is also set aside. The record is returned to the Judge Advocate General for remand to an appropriate convening authority with a rehearing on Specification 7 of Charge II and Specification 2 of the Additional Charge and the sentence authorized. In the

---

[12] Record at 678.

[13] *Id.* at 1284.

alternative, we authorize a rehearing on sentence alone as to the remaining offense, Charge I and its sole specification.

Senior Judge CAMPBELL and Judge HUTCHISON concur.

For the Court



R.H. TROIDL
Clerk of Court