# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

## No. ACM 38706 (rem)

―――――――――――――

## UNITED STATES
*Appellee*

**v.**

## Nathan G. WILSON-CROW
Airman First Class (E-3), U.S. Air Force, *Appellant*

―――――――――――――

On Remand from
the United States Court of Appeals for the Armed Forces

Decided 16 November 2017

―――――――――――――

*Military Judge:* Donald R. Eller, Jr.

*Approved sentence:* Dishonorable discharge, confinement for 2 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 26 April 2014 by GCM convened at Joint Base San Antonio-Lackland, Texas.

*For Appellant:* Major Allen S. Abrams, USAF; Major Mark C. Bruegger, USAF; Major Jeffrey A. Davis, Jr., USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and MINK, *Appellate Military Judges.*

Senior Judge JOHNSON delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge MINK joined.

―――――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

―――――――――――――

JOHNSON, Senior Judge:

Appellant was convicted, pursuant to mixed pleas, of one specification of abusive sexual contact, two specifications of sexual abuse of a child, one specification of indecent exposure, one specification of assault consummated by a battery, and two specifications of wrongfully providing alcohol to a minor, in violation of Articles 120, 120b, 120c, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 920b, 920c, 928, 934.[1] A general court-martial composed of officer members sentenced Appellant to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

Upon our initial review, Appellant contended: (1) the evidence was legally and factually insufficient to support his conviction for one specification of sexual abuse of a child; (2) the military judge erred by failing to properly instruct the members with respect to the requisite intent for that offense; (3) the trial counsel made an improper findings argument; (4) the evidence was legally and factually insufficient to support his conviction for abusive sexual contact; and (5) delay in the post-trial processing warranted sentence relief. Finding no error materially prejudiced a substantial right of Appellant, we affirmed the findings and sentence. *United States v. Wilson-Crow*, No. ACM 38706, 2016 CCA LEXIS 107 (A.F. Ct. Crim. App. 25 Feb. 2016) (unpub. op.) (*Wilson-Crow I*). The United States Court of Appeals for the Armed Forces (CAAF) granted review,[2] set aside our prior decision, and remanded the case to us for a new review under Article 66, UCMJ, 10 U.S.C. § 866, in light of *United States v.*

---

[1] In accepting Appellant's pleas of guilty to both specifications of wrongfully providing alcohol to a minor in violation of Article 134, UCMJ, the military judge excepted charged language alleging the acts were prejudicial to good order and discipline, of which excepted language Appellant was found not guilty. In addition, Appellant was acquitted of two specifications of rape and two specifications of abusive sexual contact in violation of Article 120, UCMJ.

[2] The CAAF granted review of the following issues:

I. WHETHER THE MILITARY JUDGE COMMITTED LEGAL ERROR WHEN HE FOUND THAT SPECIFICATION 2 OF CHARGE I – APPELLANT'S CHILD SEXUAL ABUSE OF A.L. IN VIOLATION OF ARTICLE 120b - CONSTITUTED CHILD MOLESTATION UNDER MIL. R. EVID. 414(d)(2)(A) BECAUSE HE FOUND THAT "CONDUCT PROHIBITED BY ARTICLE 120" INCLUDES ARTICLE 120b OFFENSES.

*Fetrow*, 76 M.J. 181 (C.A.A.F. 2017), *United States v. McClour*, 76 M.J. 23 (C.A.A.F. 2017), and *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). *United States v. Wilson-Crow*, 76 M.J. 335 (C.A.A.F. 2017).

For the reasons stated in *Wilson-Crow I*, we again find no relief is warranted with respect to the legal and factual sufficiency of the evidence, the military judge's instructions regarding the required intent for the offense of sexual abuse of a child, trial counsel's findings argument, or post-trial delay.[3] Having received supplemental filings from the parties and having considered the case in light of *Fetrow*, *McClour*,[4] and *Hills*, we find that the military judge did commit errors in his application of both Military Rule of Evidence (Mil. R. Evid.) 414 and Mil. R. Evid. 413. We further conclude the former error had no substantial influence on the verdict. However, we cannot conclude the latter error was harmless beyond a reasonable doubt. Accordingly, we set aside the

---

II. WHETHER THE MILITARY JUDGE ERRED IN INSTRUCTING THE PANEL THAT, PURSUANT TO [MILITARY RULE OF EVIDENCE] 413, IT COULD USE OFFENSES IN ADDITIONAL CHARGE I, TO WHICH APPELLANT PLEADED NOT GUILTY, AS PROPENSITY EVIDENCE IN SUPPORT OF THE REMAINING SPECIFICATIONS OF THAT CHARGE WHICH HE ALSO CONTESTED.

III. WHETHER THE MILITARY JUDGE ERRED WHEN HE INSTRUCTED THE MEMBERS, "IF, BASED ON YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE FIRMLY CONVINCED THAT THE ACCUSED IS GUILTY OF ANY OFFENSE CHARGED, YOU MUST FIND HIM GUILTY OF THAT OFFENSE," WHERE SUCH AN INSTRUCTION IS IN VIOLATION OF UNITED STATES v. MARTIN LINEN SUPPLY CO., 430 U.S. 564, 572–73 [ ] (1977) AND THERE IS INCONSISTENT APPLICATION BETWEEN THE SERVICES OF THE INSTRUCTIONS RELATING TO WHEN MEMBERS MUST OR SHOULD CONVICT AN ACCUSED.

*United States v. Wilson-Crow*, 76 M.J. 59 (C.A.A.F. 2017).

[3] Assuming, without deciding, that the CAAF's order setting aside our previous decision rendered our earlier opinion a complete legal nullity, we have reconsidered and restated our holdings on these issues to ensure it is clear that Appellant received his full Article 66, UCMJ, 10 U.S.C. § 866, appellate review.

[4] Appellant concedes the CAAF's decision in *McClour* resolves the third granted issue adversely to his position, and we concur. *See* 76 M.J. at 26. Therefore, we do not further address this issue here.

findings of guilty as to Specification 1 of Additional Charge I[5] and Additional Charge I as well as the sentence.

## I. BACKGROUND

Appellant was an Air Force photographer stationed at Joint Base San Antonio-Lackland, Texas. In April 2013, he volunteered to attend a three-day high school Junior Reserve Officer Training Corps (JROTC) leadership and team-building camp to serve as the official photographer for the event. During the camp, without the knowledge of the adult organizers of the event, a number of students engaged in a series of games of "truth or dare." Appellant, then a 21-year-old airman first class (E-3), joined in three of these sessions with the students. While the first two sessions involving Appellant were relatively innocuous, Appellant slapped the buttocks of a 16-year-old female student, MM, without her consent after one game concluded. The third game involving Appellant escalated to more overt sexually-oriented dares, including two female students removing their upper garments, Appellant exchanging outer garments with another female student, Appellant sucking the exposed nipple of a female 18-year-old student, GR, and Appellant briefly exposing his penis. All of these acts occurred in the immediate presence of a group of students, at least one of whom, AL, had not reached the age of 16 years. Although present, AL did not see Appellant's exposed penis because her view was partially obstructed by the arm of another student. During this final game, from time to time Appellant also massaged the backs of two female students, including MM. In addition, MM later testified that during one of these massages, Appellant's penis touched her bare back through his clothing for several seconds, without her consent.

In June 2013, Appellant drove EG, a 19-year-old civilian woman, to an aquarium and to the beach. While at the beach, Appellant provided EG alcoholic drinks. That night, when it came time for Appellant to drive EG home, Appellant's car would not start. Appellant and EG spent the night in Appellant's car. At trial, EG testified that during the night Appellant raped her in the car. In the weeks that followed, EG continued to spend time with Appellant and they engaged in consensual sexual intercourse. In July 2013, Appellant took EG on an overnight trip to a lake where they spent time with four of Appellant's civilian friends. Appellant again provided alcohol to EG. At trial, EG testified that during that night Appellant rubbed her inner thighs without her consent, and he later raped her in his truck after she had fallen asleep there.

---

[5] This specification alleged Appellant committed abusive sexual contact in violation of Article 120, UCMJ, by rubbing his penis through his clothing against the back of MM to gratify his sexual desire.

At trial, Appellant pleaded guilty and was found guilty of the following offenses: one specification of sexual abuse of a child by sucking GR's nipple in AL's presence; one specification of indecent exposure of his penis; one specification of assault consummated by battery by slapping MM's buttocks; and two specifications of wrongfully providing alcohol to EG, a person under 21 years of age.[6] Appellant pleaded not guilty but was convicted of one specification of abusive sexual contact by touching MM's back with his penis, and one specification of sexual abuse of a child by exposing his penis to AL. Appellant was acquitted of two specifications of rape and two specifications of abusive sexual contact against EG.

## II. DISCUSSION

### A. Military Rule of Evidence 414

#### 1. Additional Background

Prior to entering pleas, trial defense counsel advised the military judge of the offenses to which he anticipated Appellant would plead guilty. Trial defense counsel then requested the military judge "limit the government from going into the kissing of [GR's] breast, the slapping of [MM's] buttocks, as well as the providing alcohol to [EG] under [Mil. R. Evid.] 404(b)." After receiving a proffer of the expected evidence and argument by senior trial counsel, the military judge stated the Defense's request was denied as to evidence Appellant sucked GR's breast because it was admissible under Mil. R. Evid. 404(b) as evidence of Appellant's intent as to the charge of sexual abuse of a child by exposing his penis to AL, and because such evidence was also admissible under Mil. R. Evid. 414.

After accepting Appellant's guilty pleas, the military judge readdressed his initial "advisory" opinion regarding Mil. R. Evid. 414. He stated:

> Let me just further reiterate that as to Specification 2 [sexual abuse of a child by sucking GR's breast in AL's presence] and Specification 1 [sexual abuse of a child by exposing his penis to AL] of Charge I, on the surface of the documents it would appear that [Mil. R. Evid.] 414 is applicable in that they are [Article] 120 offenses, though specifically, they are Article 120(b) [sic].[7] Under [Mil. R. Evid.] 414, the rule of evidence would appear to encompass any [Article] 120-type offense. And the Court further found that because it's a[n] [Article] 120 offense, that [Mil. R. Evid.] 414 would be applicable . . . . So, the Court considered that

---

[6] See note 1, *supra*.

[7] In context, it is clear the military judge was referring to Article 120b, UCMJ.

which would be a possible analysis and that [Mil. R. Evid.] 414 being a rule of inclusion would likely provide the Court with some direction on admitting that information.

At trial, several witnesses testified that Appellant had sucked or kissed GR's breast in front of the students at the last "truth or dare" game. The military judge subsequently provided the following instruction to the court members regarding the use of this evidence:

You heard evidence the accused committed another sexual offense involving a child who had not attained the age of 16 years. That offense is not pending before you for determination and you may not use his guilty plea to Charge I, Specification 2 to assume or infer that the accused is guilty of any other offense. The evidence you heard which may have been related to this offense which is Specification 2 of Charge I, may have no bearing on your deliberations unless you first determine by a preponderance of the evidence, that is more likely than not, that this offense occurred. If you determine by a preponderance of the evidence that this other offense occurred, you may then consider the evidence of that other offense for its bearing on any other matter to which it is relevant only in relation the Charge I, Specification 1 [alleging sexual abuse of a child by exposing his penis to AL].

You may consider the evidence of such other sexual offense against a child under 16 years of age for its tendency, if any, to show the accused's propensity or predisposition to engage in sexual offenses, as well as its tendency, if any, to prove that the accused intended to arouse or gratify his sexual desires as alleged in Charge I, Specification 1. You may not, however, convict the accused of Charge I, Specification 1 solely because you believe the accused has a propensity or predisposition to engage in sexual offenses. In other words, you cannot use this evidence to overcome a failure of proof in the government's case, if you perceive any to exist. The accused may be convicted of an alleged offense only if the prosecution has proven each element beyond a reasonable doubt.

Trial defense counsel stated he had "no objection" to these instructions based on Mil. R. Evid. 414.

### 2. Law

Generally, a military judge's decision to admit evidence is reviewed for an abuse of discretion. *Fetrow*, 76 M.J. at 185. However, "[t]he question of whether

the admitted testimony constitutes evidence that the accused committed another offense of child molestation under [Mil. R. Evid.] 414 is one of law, reviewed de novo." *Id.* Yet where an appellant fails to preserve an objection to evidence by objecting at trial, the error is forfeited in the absence of plain error. *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014). When we review for plain error, "Appellant has the burden of establishing (1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights." *Id.* (citation omitted).

Nonconstitutional evidentiary errors are tested for prejudice by analyzing (1) the strength of the Government's case, (2) the strength of the Defense's case, (3) the materiality of the evidence in question, and (4) the quality of the evidence in question to determine whether the error had a substantial influence on the findings. *Fetrow*, 76 M.J. at 187 (citations omitted).

Mil. R. Evid. 404(b)(1) generally prohibits the admission of evidence of a "crime, wrong, or other act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Mil. R. Evid. 404(b)(2).

The version of Mil. R. Evid. 414(a) in effect at the time of Appellant's trial provided: "In a court-martial proceeding in which an accused is charged with an act of child molestation, the military judge may admit evidence that the accused committed any other offense of child molestation. The evidence may be considered on any matter to which it is relevant," including the accused's propensity, if any, to commit offenses of child molestation. *See United States v. Fetrow*, 75 M.J. 574, 578 (A.F. Ct. Crim. App. 2015), *aff'd*, 76 M.J. 181 (C.A.A.F. 2017). Mil. R. Evid. 414(d)(2) defined "child molestation" for purposes of the rule as an offense punishable under the UCMJ or a crime under federal or state law that involves, *inter alia*, "any conduct prohibited by Article 120 [UCMJ] and committed with a child."[8]

Generally, for evidence to be admitted under Mil. R. Evid. 414 the military judge must make three findings: (1) whether the accused is charged with an act of child molestation as defined by Mil. R. Evid. 414; (2) whether the proffered evidence is evidence of the accused's commission of another offense of child molestation; and (3) whether the evidence is relevant under Mil. R. Evid. 401 and Mil. R. Evid. 402. *United States v. Yammine*, 69 M.J. 70, 73–74 (C.A.A.F. 2010). In *Fetrow*, we determined—and the CAAF affirmed—that the

---

[8] Mil. R. Evid. 414(d)(2)(A) has since been modified specifically to include "any conduct prohibited by Article 120 and committed with a child, *or prohibited by Article 120b*." (Emphasis added).

language of Mil. R. Evid. 414(d)(2) in effect at the time of Appellant's trial that "child molestation" included "conduct prohibited by Article 120" did not incorporate conduct prohibited by Article 120b, which is a "separate and independent statutory provision[ ]." *Fetrow*, 75 M.J. at 584; *see Fetrow*, 76 M.J. at 187.

### 3. Analysis

In this case, the military judge permitted evidence that Appellant sucked GR's breast in AL's presence, an offense of sexual abuse of a child in violation of Article 120b, UCMJ, to which Appellant pleaded guilty, to be used as Mil. R. Evid. 414 evidence of a similar crime in a child molestation case. The military judge reasoned that Mil. R. Evid. 414(d)(2)(A)'s definition of "child molestation" would "encompass any [Article] 120-type offense," including offenses under Article 120b. However, after Appellant's court-martial, this court and the CAAF specifically held that the version of Mil. R. Evid. 414(d)(2)(A) in effect at the time did not include Article 120b in its definition of "child molestation." *Fetrow*, 76 M.J. at 187. Moreover, the Article 120b offense involved no physical contact between Appellant and the victim, AL, and it was not evidence of rape or sexual assault prohibited by Article 120 committed against a child.

At trial, the Defense did not object to the application of Mil. R. Evid. 414 to this evidence. Therefore, we review for plain error. Although Appellant was tried before this court decided *Fetrow*, we must "apply the clear law at the time of appeal, not the time of trial." *United States v. Mullins*, 69 M.J. 113, 116 (C.A.A.F. 2010) (citing *United States v. Harcrow*, 66 M.J. 154, 159 (C.A.A.F. 2008)). In light of *Fetrow*, the military judge's ruling applying the existing version of Mil. R. Evid. 414 was clearly erroneous.

Accordingly, the remaining question is whether the error materially prejudiced a substantial right. *See Knapp*, 73 M.J. at 36. We analyze this question de novo in light of the relative strength of the Government and Defense cases and the materiality and quality of the evidence in question. *Fetrow*, 76 M.J. at 187. We will find prejudice if we determine the error substantially influenced the findings. *Id.*

The erroneous Mil. R. Evid. 414 ruling applied to a single litigated specification—that Appellant committed sexual abuse of a child by exposing his penis to AL. The specification alleged:

> [Appellant] did, within the continental United States, between on or about 26 April 2013 and on or about 28 April 2013, commit a lewd act upon [AL], a child who had not attained the age of 16 years, by intentionally exposing [Appellant's] penis to [AL], with the intent to arouse or gratify the sexual desires of [Appellant].

The Government's case with respect to this charge was strong. AL testified that she was present when Appellant exposed himself, although she did not

actually see his penis. She confirmed she was under the age of 16 years at the time. Several other students testified that they were present and saw Appellant's exposed penis.

Conversely, the Defense's case with respect to this charge was weak. The Defense did not contest that Appellant intentionally exposed himself.[9] Instead, trial defense counsel argued the Government had failed to prove Appellant specifically intended AL to see his penis, and also failed to prove he exposed himself to arouse or gratify his sexual desires. But the first argument misconstrued the requisite intent for this offense. The Government was not required to prove Appellant wanted AL in particular to see his penis, or that Appellant's sexual arousal or gratification was based specifically on AL's presence. *See Wilson-Crow I*, unpub. op. at *3 ("The specific intent expressed in the statute, and more particularly as alleged in the specification at issue, requires only that Appellant had the intent to arouse or gratify his sexual desires at the time he exposed himself."). As the military judge correctly instructed the members, the Government was required to prove, *inter alia*, Appellant "committed a lewd act upon [AL], to wit: intentionally exposing [his] penis with the intent to arouse or gratify [his] sexual desire," where a "lewd act" means "intentionally exposing one's genitalia to a child by any means including via any communication technology with an intent to arouse or gratify [Appellant's] sexual desires." Thus the members were correctly instructed a finding of guilt required that Appellant exposed himself with the intent to gratify his sexual desire, and in doing so he exposed himself to AL, a child under 16 years.

As to the Defense's second argument, trial defense counsel contended Appellant did not expose his penis to arouse or gratify his sexual desires, but only because he was dared to do it as part of the game. Yet it is evident these two motivations were not mutually exclusive, and there was ample evidence that Appellant found his attendance at and participation in the truth or dare game sexually stimulating. Among other examples, there was evidence that at Appellant's suggestion the students used an "adult" truth or dare application on Appellant's phone to find "sexy" dares for the game; that Appellant made several sexually-charged comments to the students; that Appellant massaged the bare backs of two female students who had removed their upper clothing; and that Appellant's penis was partially erect when he exposed it.

Relatedly, although improper under Mil. R. Evid. 414, the military judge properly admitted the evidence that Appellant sucked GR's breast under Mil. R. Evid. 404(b) specifically as evidence of Appellant's intent when he exposed his penis. Thus the military judge's error did not result in *additional* evidence

---

[9] Indeed, Appellant pleaded guilty to the offense of indecent exposure in violation of Article 120c, UCMJ, for the same instance of exposing his penis.

being improperly presented to the members, but only afforded an additional use for evidence already admissible on the critical issue of intent to arouse or gratify his sexual desires. With respect to this specification, the significance of the evidence to the question of Appellant's intent overshadowed any significance of a more general propensity to engage in sexual offenses, particularly where both acts occurred on the same occasion in the same setting with the same group of people. Significantly, senior trial counsel's comment on the military judge's propensity instructions during argument referred to the alleged offenses against EG, but made no specific reference to the charge that Appellant sexually abused AL.

Under these circumstances, we do not find the error substantially influenced the findings. Accordingly, no relief is warranted on this basis.

## B. Military Rule of Evidence 413

### 1. Additional Background

Over trial defense counsel's objection, the military judge instructed the court members, *inter alia*, as follows with respect to their findings:

> Each offense must stand on its own and you must keep the evidence of each offense separate. Stated differently, if you find or believe that the accused is guilty of one offense, you may not use that finding or belief as a basis for inferring, assuming or proving that he committed any other offense. . . .
>
> The burden is on the prosecution to prove each and every element of each offense beyond a reasonable doubt. Proof of one offense carries with it no inference that the accused is guilty of any other offense.
>
> . . .
>
> With respect to the evidence presented in support of Additional Charge I, Specifications 1, 3, 4, and 5,[10] this evidence may have

---

[10] Additional Charge I, Specification 1, alleged Appellant committed abusive sexual contact against MM by touching her back with his penis; Specification 3 alleged Appellant raped EG in June 2013; Specification 4 alleged Appellant committed abusive sexual contact against EG by rubbing her inner thighs in July 2013; and Specification 5 alleged Appellant raped EG in July 2013, all in violation of Article 120, UCMJ. The military judge had previously granted a Defense motion for a finding of not guilty pursuant to Rule for Courts-Martial 917 as to Additional Charge I, Specification 2, alleging Appellant committed abusive sexual contact against EG by rubbing her genitalia in June 2013 in violation of Article 120, although he instructed the court members on the lesser included offense of assault consummated by battery in violation of Article 128, UCMJ.

no bearing on your deliberations with respect to any other charged offense unless you first determine by a preponderance of the evidence, that is more likely than not, that any of those offenses occurred. If you determine by a preponderance of the evidence one of those offenses occurred, you may then consider the evidence of that offense for its bearing on any matter to which it is relevant only in relation to the other offenses which are alleged in Additional Charge I, Specifications 1, 3, 4 and 5. In that regard, you may consider the evidence of such other sexual offenses for its tendency, if any, to show the accused's propensity or predisposition to engage in sexual offenses. You may not, however, convict the accused of any offense solely because you believe the accused has a propensity or predisposition to engage in sexual offenses. In other words, you cannot use this evidence to overcome a failure of proof in the government's case, if you perceive any to exist. The accused may be convicted of an alleged offense only if the prosecution has proven each element beyond a reasonable doubt.

Again, each offense must stand on its own and you must keep the evidence of each offense separate. The prosecution's burden of proof to establish the accused's guilt beyond a reasonable doubt remains as to each and every element of each offense charged. Proof of one charged offense carries with it no inference that the accused is guilty of any other charged offense.

Senior trial counsel's argument on findings included the following reference to the military judge's instructions regarding propensity:

On thing you can consider is that these offenses can be used to demonstrate a propensity of the accused in committing these types of offenses. Now essentially what that is is if you think that -- and I won't go through all these offenses, but if you think that -- and when you get the instructions, you can look at them a little bit more so. But for example, if you think that the accused placed his penis up against [MM's] back and you think we've proved our charge beyond a reasonable doubt for that, or even if you just think we met it by a preponderance of the evidence, more likely than not that he committed that offense, you can use that evidence to show he had a propensity, a sexual propensity to commit the rapes against [EG]. So you can look at those in tandem. It doesn't mean just because he might be guilty of one he's automatically guilty of the other. It doesn't mean that. It just means you can use them to show he has a sexual propensity,

which if anything that this case has demonstrated is that he has a sexual propensity. This is where we started and that's where the accused ended the second time he raped [EG]. Throughout this entire trial, that's the theme that we know based off of the evidence. It's crystal clear of what the accused [sic] intent, state of mind with all those different things going on over the course of these several months. . . .

The court members found Appellant guilty of Additional Charge I, Specification 1, alleging he committed abusive sexual contact against MM. They found him not guilty of every other specification of Additional Charge I, alleging offenses against EG.

**2. Law**

The meaning and scope of Mil. R. Evid. 413 is a question of law that is reviewed de novo. *Hills*, 75 M.J. at 354. Instructional errors are also reviewed de novo. *Id.* at 357.

Mil. R. Evid. 413(a) provides that in a court-martial where the accused is charged with a sexual offense, evidence that the accused committed other sexual offenses may be admitted and considered on "any matter to which it is relevant." This includes using evidence of sexual assaults to prove the accused has a propensity to commit sexual assault. *United States v. James*, 63 M.J. 217, 220 (C.A.A.F. 2006).

However, in *Hills*, the CAAF held that evidence of the accused's commission of a sexual assault may not be used in this way if that alleged sexual assault is charged in the same court-martial and the accused has pleaded not guilty to it. 75 M.J. at 356. The CAAF further held that the instructions accompanying the admission of evidence of charged offenses for Mil. R. Evid. 413 purposes implicate fundamental constitutional due process concerns by undermining an accused's presumption of innocence and the Government's requirement to prove guilt beyond a reasonable doubt. *Id.* at 357. Because "constitutional dimensions are in play," prejudice for such an error must be tested for harmlessness beyond a reasonable doubt. *Id.* In other words, the Government must demonstrate there is no reasonable possibility that the error contributed to the conviction. *Id.*

In *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017), the CAAF clarified that *Hills* is not to be interpreted narrowly. The court stated:

[T]he use of evidence of charged conduct as M.R.E. 413 propensity evidence for other charged conduct in the same case is error, regardless of the forum, the number of victims, or whether the events are connected. Whether considered by members or a military judge, evidence of a charged and contested offense, of which

> an accused is presumed innocent, cannot be used as propensity evidence in support of a companion charged offense.

*Id.* at 222. The court reiterated that, where such error exists, the Government must "prove there was no reasonable possibility that the error contributed to [the] verdict." *Id.*

### 3. Analysis

In light of *Hills* and *Hukill*, the military judge erred in instructing the court members that evidence of the sexual assaults charged in the same case, to which Appellant had pleaded not guilty, could, under a preponderance of the evidence standard, be used to find Appellant had a predisposition or propensity to commit sexual assault and, if relevant, thereby contribute to a finding of guilty. Although Appellant was tried before the CAAF decided *Hills*, we "apply the clear law at the time of appeal, not the time of trial." *Mullins*, 69 M.J. at 116.

Nevertheless, the Government contends that any error with regard to Mil. R. Evid. 413 in Appellant's case was harmless beyond a reasonable doubt. This is necessarily a case-by-case analysis. Under the particular circumstances present here, we cannot agree there is no reasonable possibility the erroneous instruction contributed to Appellant's conviction for abusive sexual contact against MM.

Unlike the other offenses committed with the JROTC students to which Appellant either pleaded guilty or was found guilty, there was only one witness to this offense—MM herself. Moreover, MM testified Appellant's penis was touching her back through his clothing for approximately six to nine seconds while he sat next to her giving her a back massage; he did not rub or grind his penis against her; he did not have a full erection; and she agreed she previously testified she was unsure if the touching was intentional. Appellant made no specific inculpatory statements at the time or admissions thereafter that he committed this specific offense.

We recognize the court members found Appellant not guilty of the other specifications implicated by the military judge's Mil. R. Evid. 413 instructions—the alleged sexual offenses against EG. However, we cannot discount the possibility that, although the members were not convinced beyond reasonable doubt Appellant was guilty of these crimes against EG, nevertheless they believed a preponderance of the evidence indicated he committed one or more of them, and that determination in accordance with their instructions contributed to persuading them that Appellant had a propensity to commit sexual offenses and intentionally touched MM's back with his penis to gratify his sexual desires. We note senior trial counsel used the erroneous instruction to argue Appellant's "sexual propensity" was the "theme" of the "entire trial."

Distinct from the real possibility the court members improperly used evidence of the charged offenses to find Appellant had a propensity to commit sexual assault, we also recognize the CAAF's concern in *Hills* that "the conflicting standards of proof and directly contradictory statements about the bearing that one charged offense could have on another [could] contribute to the verdict." 75 M.J. at 358. The Government's evidence as to Specification 1 of Additional Charge I was not so strong as to allay such concerns that the Government's burden of proof was similarly compromised in this case.

As noted above, it is true there was significant evidence Appellant found his participation in the students' truth or dare game sexually stimulating. In addition, there was evidence that MM attracted his particular attention. It is likely the court members would have reached the same conclusion in the absence of the error. But "likely" is not the applicable standard. Appellant was entitled to a trial untainted by constitutional error. Because we cannot say there is no reasonable possibility the error contributed to the members' finding on this specification, we must set it aside.

### III. CONCLUSION

The findings of guilt as to Specification 1 of Additional Charge I and as to Additional Charge I and the sentence are **SET ASIDE**. The remaining findings are **AFFIRMED**. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). The record of trial is returned to The Judge Advocate General for remand to the convening authority with a rehearing authorized as to Specification 1 of Additional Charge I, Additional Charge I, and the sentence. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court