# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39343**

————————————

### UNITED STATES
*Appellee*

**v.**

### Christopher W. FENDERSON
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 April 2019

————————————

*Military Judge:* Marvin W. Tubbs, II.

*Approved sentence:* Bad-conduct discharge, confinement for 4 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 7 June 2017 by GCM convened at McConnell Air Force Base, Kansas.

*For Appellant:* Major Meghan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Joseph Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, HUYGEN, and MINK, *Appellate Military Judges.*

Chief Judge MAYBERRY delivered the opinion of the court, in which Senior Judge HUYGEN and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MAYBERRY, Chief Judge:

Appellant was convicted, contrary to his pleas, by a panel consisting of officer and enlisted members, of attempted enticement of a minor to engage in sexual activity using a means of interstate commerce, in violation of Article 80,

Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880, and 18 U.S.C. § 2422(b); and attempted sexual abuse of a child by communicating obscene language with the intent to gratify his sexual desires, attempted sexual abuse of a child by intentionally sending a picture of his genitalia with the intent to gratify his sexual desires, and attempted receipt and possession of child pornography, all in violation of Article 80, UCMJ, 10 U.S.C. § 880. Appellant's adjudged and approved sentence consisted of a bad-conduct discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to E-1.

Appellant asserts a single assignment of error: the military judge abused his discretion in giving the standard Military Judges' Benchbook reasonable doubt instruction. We find no prejudicial error and affirm.

## I. BACKGROUND

The military judge's instruction during his preliminary instructions on findings included the following language:

> The government has the burden of proving [Appellant's] guilt by legal and competent evidence beyond a reasonable doubt. . . . If, based on your consideration of the evidence, you are firmly convinced that [Appellant] is guilty of any offense charged, you must find him guilty. If on the other hand, you think there is a real possibility that [Appellant] is not guilty, you must give him the benefit of the doubt and find him not guilty.

This instruction was in accordance with the burden of proof instruction provided in the *Air Force Benchbook*, Dept. of the Air Force, ch. 2, § V, ¶ 2–5–12 (2016). Trial defense counsel did not object. Appellant's trial defense counsel were released on the third day of trial (after preliminary instructions and the presentation of Government witnesses). After a continuance was granted, new counsel were detailed and participated in the remainder of the trial. At the conclusion of the presentation of evidence, the military judge and all counsel discussed the draft instructions, which discussion included, *inter alia*, the following:

> MJ [Military Judge]: Defense counsel, any requests for additional instructions or objections to the draft instructions as they now exist?

> ADC1 [Trial Defense Counsel]: Yes, sir. One, we would request, in the beyond a reasonable doubt instruction, that the word "should" be substituted in for "must," and instruct the members on how it's defined.

> MJ: Trial counsel, what's your position?

TC [Trial Counsel]: We would oppose that, sir. We would cite *U.S. v. [McClour],* a recent CAAF case. Although the case discussed that there was no plain error, because the defense did not object to it, I understand the defense is objecting to the "must" instruction, but the court suggested that there was no error in regards to the "should" versus "must" scenario. So we would ask that you keep the Air Force Instruction of "must."

MJ: I intend to -- well, I'm going to deny the request for that change, based on the existing case law, as well as the fact that I've instructed on reasonable doubt, at the beginning of this case, and didn't make that change at that time. So based on the case law alone, I believe that I could deny that, so -- coupled with the fact that I have already instructed on reasonable doubt, I will deny that request. Defense counsel, next?

ADC1: Sir, just to make clear, I think it is, but to hit it again. We formally object to the word "must" staying in that.

MJ: Understood. I took that to be your objection, preserving it for any appellate review.

The instruction given to the members prior to their deliberation on findings stated:

Lastly, the burden of proof to establish the guilt of the accused beyond a reasonable doubt is on the government. . . . A "reasonable doubt" is a conscientious doubt, based upon reason and common sense, and arising from the state of the evidence. . . . Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the accused's guilt. . . . If, based on your consideration of the evidence, you are firmly convinced that the accused is guilty of any offense charged, you must find him guilty. If, on the other hand, you think there is a real possibility that the accused is not guilty, you must give him the benefit of the doubt and find him not guilty.

## II. DISCUSSION

Appellant asserts that the military judge's instruction amounted to a directed verdict. Appellant acknowledges that *United States v. McClour,* 76 M.J. 23, 25 (C.A.A.F. 2017), specifically held otherwise but asserts that *McClour* was only reviewed for plain error and is therefore distinguishable here due to trial defense counsel's objection to the instruction. We disagree and find that there was no error with respect to the instruction.

Whether a panel was properly instructed is a question of law that we review de novo. *McClour*, 76 M.J. at 25 (citation omitted). The issue in *McClour* was whether the phrase "you must find him guilty" constituted a directed verdict. Specifically, the court held:

> "The harm of [a] directed verdict . . . is that it deprive[s] the [panel] of the power to determine guilt," *State v. Ragland*, 105 N.J. 189, 519 A.2d, 1361, 1368 (N.J. 1986), and the accused of the statutory right to have his guilt determined by a panel of fellow servicemembers. Article 16, UCMJ, 10 U.S.C. § 816 (2012); R.C.M. 501(a); R.C.M. 903.
>
> No such deprivation results from the use of the word "must" in the instructions before us, which plainly leaves the determination of guilt beyond a reasonable doubt based on the evidence in the hands of the members: "[I]f, *based on your consideration of the evidence*, you're firmly convinced that the accused is guilty of the offense charged, you must find him guilty." (Emphasis added.) And the military judge reiterated that the panel members were the ones to determine guilt or innocence by "weighing and evaluating the evidence" and "us[ing] [their] own common sense, [their] own knowledge of human nature and the ways of the world."

*Id.* (Alterations in original).

The United States Court of Appeals for the Armed Forces (CAAF) considered the prohibition on directed verdicts in criminal cases, citing *Sullivan v. Louisiana*, 508 U.S. 275, 277 (1993), numerous federal appellate and state supreme court decisions that concluded the "must find" language did not constitute a directed verdict, and *United States v. Meeks*, 41 M.J. 150, 157 n.2 (C.M.A. 1994) (noting an instruction with the "must find" language as a possible replacement for the instruction then being used in courts-martial, in accordance with the Federal Judiciary Center's Pattern Criminal Instruction 28 (1987)). In the end, the CAAF held, "[I]t cannot be said that any error (if error there were) on the military judge's part in using the word 'must' in his burden of proof instruction is clear or obvious." *McClour*, 76 M.J. at 26.

The recently published opinion in *United States v. Shadricks*, 78 M.J. 720 (A.F. Ct. Crim. App. 2019), applied de novo review, based on trial defense counsel's objection to the "must find" language, and held:

> Nothing about the CAAF's opinion in *McClour* suggests that court would have reached a different result had it applied a de novo standard of review. On the contrary, the CAAF noted "numerous federal appellate and state supreme courts" have upheld

the language of the challenged instruction. *McClour*, 76 M.J. at 25 (citations omitted). In addition, the CAAF noted it had previously cited with approval very similar language in the Federal Judiciary Center's Pattern Criminal Jury Instructions. *Id.* at 26 (citing *United States v. Meeks*, 41 M.J. 150, 157 n.2 (C.M.A. 1994)).

*Id.* at 723.

Based on trial defense counsel's objection to the "must find" language in the pre-deliberation findings instructions and pursuant to the holding in *Shadricks*, we apply de novo review. When taken as a whole, the instructions in this case clearly stated the proper burden of proof and left it to the members to determine whether the Government's evidence met that burden. Nothing more is required. In accordance with the CAAF's decision in *McClour* and this court's decision in *Shadricks*, we find that the military judge's reasonable doubt instruction in this case was appropriate.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court